DOROTHY REHILL, Appellant, *v.* LEE M. REHILL, Respondent

Argued October 6, 1953; decided December 3, 1953.

*Henry L. Bayles* for appellant.   I. The Nevada decree estops defendant from attempting to modify the separation agreement. (*Schacht* v. *Schacht,* 295 N. Y. 439; *Hess* v. *Hess,* 276 N. Y. 486; *Hoyt* v. *Hoyt,* 265 App. Div. 223; *Goldberg* v. *Mayer,* 243 App. Div. 477, 270 N. Y. 660; *Fry* v. *Fry,* 279 App. Div. 122, 304 N. Y. 889; *Senor* v. *Senor,* 187 Misc. 856, 272 App. Div. 306, 297 N. Y. 800; *Fales* v. *Fales,* 160 Misc. 799, 250 App. Div. 751.) II. Defendant's inexcusable laches should estop him.   (*Lewis* v. *Lewis,* 53 Nev. 398; *Stewart* v. *Stewart,* 198 App. Div. 337; *Lynn* v. *Lynn,* 302 N. Y. 193; *Fritsch* v. *Rarback,* 199 Misc. 356; *Feldman* v. *Metropolitan Life Ins. Co.,* 259 App. Div. 123.) III. The claimed change of circumstances furnishes no basis for reduction of payments to plaintiff under the separation agreement.   (*Harwood* v. *Harwood,* 182 Misc. 130, 268 App. Div. 974; *Hoyt* v. *Hoyt,* 276 App. Div. 995, 301 N. Y. 589; *Graham* v. *Hunter,* 266 App. Div. 576.)   IV. The alleged accord and satisfaction have not been substantiated and are insufficient in law.   (*O'Meara Co.* v. *National Park Bank,* 239 N. Y. 386; *Hessian Hills Country Club* v. *Home Ins. Co.,* 236 App. Div. 615; *Katsoris* v. *Durham House,* 278 App. Div. 608; *Geraci* v. *Fabbozi,* 161 Misc. 450; *Fry* v. *Fry,* 279 App. Div. 122, 304 N. Y. 889; *Coe* v. *Coe,* 288 N. Y. 688; *Mance* v. *Hossington,* 205 N. Y. 33; *Weed* v. *Spears,* 193 N. Y. 289; *Sexton* v. *Equitable Life Assur. Soc.,* 130 Misc. 362; *Hess* v. *Hess,* 276 N. Y. 486; *O'Brien* v. *O'Brien,* 252 App. Div. 427.)   V. Summary judgment for the arrears in stipulated payments should have been granted. (*Hess* v. *Hess,* 276 N. Y. 486; *Butler* v. *Marcus,* 264 N. Y. 519; *Hoyt* v. *Hoyt,* 265 App. Div. 223; *Goldberg* v. *Mayer,* 243 App. Div. 477, 270 N. Y. 660; *Fry* v. *Fry,* 279 App. Div. 122, 304 N. Y. 889; *Bauchle* v. *Bauchle,* 185 App. Div. 590; *McGean* v. *Parsons,* 150 App. Div. 208.)

*Harold Davis* for respondent. I. The motion for summary judgment was properly denied. (*Muth* v. *Wuest,* 76 App. Div. 332; *Haskell* v. *Haskell,* 207 App. Div. 723; *Duryea* v. *Bliven,* 122 N. Y. 567; *Silkworth* v. *Silkworth,* 255 App. Div. 226; *Ambrose* v. *Kraus,* 256 App. Div. 933; *Harris* v. *Harris,* 197 App. Div. 646; *Matter of Noel,* 173 Misc. 844; *Sistare* v. *Sistare,* 218 U. S. 1; *Smith* v. *Smith,* 255 App. Div. 652; *Halsted* v. *Halsted,* 228 App. Div. 298; *Bowman* v. *Bowman,* 271 App. Div. 943; *Gehring* v. *Gehring,* 262 App. Div. 1065; *Muth* v. *Telenga,* 264 N. Y. 477; *Werfel* v. *Zivnostenska Banka,* 287 N. Y. 91.) II. The order granting leave to amend the answer was based upon exercise of sound discretion of the court at Special Term. (*Kirkbride* v. *Van Note,* 275 N. Y. 244; *Frost* v. *Frost,* 189 Misc. 133.)

LEWIS, Ch. J. The plaintiff-appellant instituted this action to recover arrears in payments alleged by her to be due under a written agreement dated February 29, 1944, which governed her separation from the defendant — then her husband — which agreement thereafter was " ratified, approved and confirmed " by a decree of absolute divorce rendered by a Nevada court. In this action the validity of that divorce decree is not questioned by the defendant.

The plaintiff's complaint herein alleges in substance that by the separation agreement of February 29, 1944, the defendant agreed to pay her annually for the support and maintenance of herself and children the sum of $3,000 at the rate of $200 each month and $300 additional semiannually; that instead of making payments of $3,000 annually as required of the defendant by the separation agreement, he made the following payments between January, 1947, and the institution of this action in October, 1951: in 1947 — $1,940; in 1948 — $1,225; in 1949 — $700; in 1950 — $795; in 1951 — nothing. Accordingly, plaintiff demands herein judgment against the defendant for $9,840, being the balance due and unpaid by him under the terms of the separation agreement.

By his pleadings defendant has interposed defenses which include: (A) an alleged oral agreement of accord and satisfaction entered into with the plaintiff on or about January 1, 1948 (subsequent to the Nevada divorce decree) as the result

of changes in circumstances of both parties and the emancipation of the two children of their marriage, by which oral agreement plaintiff released and discharged the defendant from payment of the sum of $460 in arrears for the year 1947 and agreed to accept a monthly payment of $100 from the defendant in full settlement and substitution for any other greater amounts required of him by the separation agreement of February 29, 1944; (B) an alleged breach of the separation agreement by plaintiff in that she evicted from her home one of the children of their marriage thereby compelling the child to suffer harm; and (C) a demand for reformation or rescission of the separation agreement based upon alleged mistake or fraud.

When pleadings had been served and the case was at issue the plaintiff applied at Special Term for an order pursuant to rules 113 and 114 of the Rules of Civil Practice striking out the defendant's answer and directing entry of summary judgment in plaintiff's favor for the relief demanded in the complaint, upon the grounds that there was no defense to the action and that the answer was sham and insufficient.

At Special Term the court denied plaintiff's motion for summary judgment and granted defendant's cross motion for amendment of his answer by allowing him to interpose a demand for reformation of the separation agreement but denied an amendment which would have permitted him to seek rescission of that agreement upon the ground of illegality.

At the Appellate Division the order of Special Term was affirmed (two Justices dissenting) and plaintiff's application for leave to appeal to this court was granted upon the following certified questions:

(1) Did Special Term properly deny plaintiff's application for summary judgment?

(2) Did Special Term properly deny plaintiff's application for partial summary judgment?

(3) Did Special Term properly grant defendant's application to amend his answer?

Our answer to the first of the above questions certified for our decision requires us to determine whether the following "First Defense" alleged by the defendant in his answer may

be the subject of legal proof: "That heretofore on or about the 1st day of January, 1948, plaintiff and defendant entered into an agreement of accord and satisfaction, and of settlement, wherein and whereby the parties agreed that the sum of $460.00 in arrears for the year 1947 was released and discharged, and that the plaintiff agreed to accept the sum of $100.00 per month in full and complete settlement and substitution of and under the agreement of settlement attached to the complaint, and in lieu of any other greater or different payments set forth in said agreement; * * *"

Although the defendant's answer gives January 1, 1948, as the date of the agreement by which defendant claims the plaintiff released and discharged him of arrears in payments required of him in the sum of $460, and that she thereby agreed to accept monthly payments of $100 in place and stead of $200 per month as required by the 1944 separation agreement, the original bill of particulars served by the defendant fixed the date of such alleged agreement as "in or about the year 1947", and a subsequent amended bill of particulars dated the agreement "on or about August 31, 1949."

Without regard to the date of the alleged agreement, the operative fact is that by his original bill of particulars the defendant tells us that the contract by which the plaintiff modified the 1944 separation agreement was "oral." From that fact it follows as a matter of law that the agreement of modification alleged by the defendant is unenforcible because the sums allegedly due thereunder were liquidated amounts and the alleged release was neither in writing nor was it supported by consideration (Personal Property Law, § 33, subd. 2; Debtor and Creditor Law, § 243; *Fuller* v. *Kemp*, 138 N. Y. 231, 237; *Schnell* v. *Perlmon*, 238 N. Y. 362, 373; *Fry* v. *Fry*, 304 N. Y. 889).

In any event there is no basis on the record before us for any claim that an issue of fact exists as to whether plaintiff accepted eight monthly payments of $100 each in full settlement of the previously agreed upon payments of $200 a month. Entirely lacking is any showing entitled to consideration upon a motion for summary judgment, that defendant had made such reduced payments, totaling $800, pursuant to any agree-

ment that they were to constitute or be deemed payment in full for, or in lieu of, the installments of $200 a month, aggregating $1,600, as provided for in and by the separation agreement (cf. *McKenzie* v. *Harrison,* 120 N. Y. 260).

The " Second Defense " pleaded by defendant's answer is that plaintiff breached the separation agreement of 1944 by failing to provide a home for one of their two daughters as was required of the plaintiff; that the plaintiff compelled her daughter to " leave the care and shelter of the plaintiff and to remain outside of the custody of said plaintiff." Upon those alleged facts the defendant contends that the allegation in the complaint that plaintiff performed all obligations imposed upon her by the separation agreement is not true, and that plaintiff is thereby not in a position to bring the present action.

The record before us dictates a contrary conclusion. In the bill of particulars filed by the defendant he states that the plaintiff failed to provide a home for one of their daughters " in or about 1949." The separation agreement provides that " The Wife shall have the sole custody and control of the children of the Husband and Wife and of their education *during their minority* \* \* \*" (emphasis supplied). In this connection, an affidavit by the plaintiff states — without contradiction by the defendant — that the daughter " \* \* \* became 21 years of age on July 7, 1948 \* \* \*." The plaintiff's affidavit also states that if the daughter " \* \* \* desired to lead her own life apart after she became of age, there was nothing I could do to insist she remain at home, and her leaving was not due to any blame or neglect on my part."

It thus appears of record, without contradiction, that plaintiff was obligated to provide a home for her daughter during her minority and that such daughter ceased to be a minor on July 7, 1948. If it be, as we are informed by defendant's bill of particulars, that plaintiff ceased to provide a home for her daughter " in or about 1949 " — when the daughter was no longer a minor — it follows that, although plaintiff may have evicted the daughter in 1949, she did not breach the separation agreement. Accordingly, the defendant's second alleged defense presents no factual issue to be tried.

The " Third Defense " alleged in the defendant's answer is that the sums required by the separation agreement to be paid by the defendant " were intended by both parties thereto to continue at the rate mentioned therein [$200] so long as the two children mentioned therein were under the age of 21 years and for so long as the plaintiff maintained a separate home together with said children in which she would support and maintain them." The simple answer to this defense is that the separation agreement contains no such provision. Instead, the second paragraph thereof provides that " The Husband shall, during his life, pay to the Wife for her support and maintenance and for the support and maintenance of their children, *until she shall die or remarry,* the following * * *: (1) Two hundred dollars ($200.00) a month * * * " (emphasis supplied). The separation agreement contains no provision for the termination of payments to the wife or a reduction thereof at any time other than upon the death or remarriage of the wife, or the death of the husband.

A majority of the Justices at the Appellate Division based their decision in part upon the rule that " Parties may waive their rights under a contract or under a decree whether foreign or domestic when there is no law preventing waiver." (281 App. Div. 855, 856.) We think, however, that rule is not applicable to the problem presented by this record wherein it appears that defendant's answer alleges not waiver, but an oral modification by the parties of the terms of a written agreement (see *Fry* v. *Fry, supra; Coe* v. *Coe,* 288 N. Y. 688). Furthermore, even were we to construe allegations contained in the answer as alleging such a waiver by plaintiff as reduced the payments due her under the separation agreement, such waiver would consist of " Matter tending only to mitigate or reduce damages " which, under section 262 of the Civil Practice Act, falls within the definition of a " partial defense." Under that statute any facts which the Appellate Division concluded presented a triable question of waiver, " must be *expressly* stated to be a partial defense " (emphasis supplied) in order to be admissible. (*Fleckenstein* v. *Friedman,* 266 N. Y. 19, 25.) No partial defense is " expressly " pleaded in defendant's answer. Accordingly, we conclude that no triable

issue of fact upon the question of waiver is presented by the record.

At Special Term defendant moved for leave to serve an amended answer in which were contained claims for (1) reformation of the separation agreement, or in the alternative (2) rescission of that agreement.

Defendant's proposed amended answer alleges, as the basis of his claim for reformation, that prior to the preparation of the separation agreement, and at a time when defendant was not represented by counsel, plaintiff and defendant agreed that the separation agreement would contain a clause to the following effect: "That upon the attainment of age 21 by both children, or upon their marriage, or upon the event of the plaintiff's failing to support and maintain said children, the obligation for payment of monies under said agreement by the defendant would be cut in half." The proposed amended answer further alleges that due to mutual mistake of the parties, or mistake by the defendant and fraud by the plaintiff, the agreement as written did not contain the above provision. It is alleged that the parties have practically construed the agreement as though it contained the disputed provision. Accordingly, defendant seeks reformation of the agreement so as to embody therein the allegedly omitted clause.

In support of his alternative claim for rescission of the separation agreement, defendant alleges that the agreement was illegal because its terms, plus the payment of $1,500 to his wife, was the price "plaintiff placed upon her agreeing to divorce the defendant * * *." It is further alleged that "in pursuance of the said illegal agreement, the defendant was compelled, by threats of harm, loss of position and exposure to ridicule and shame, and by other acts of duress, to enter into the aforesaid illegal arrangement."

As we have seen, the Justice at Special Term permitted the defendant to interpose his claim for reformation, but denied his request to amend the answer so as to present his claim for rescission. As the defendant has not appealed, we are not concerned with the propriety of the denial at Special Term of permission to interpose the rescission claim. We are solely concerned, upon plaintiff's appeal, with the propriety of allow-

ing defendant to present a claim for reformation of the agreement.

The agreement before us, which, as it now stands, was " ratified, approved and confirmed " by the Nevada court, may not be reformed by action brought in this State. While the Nevada court could doubtless entertain an action for reformation of the agreement, nevertheless were we to do so we would in effect be " reforming " the Nevada decree as well as the separation agreement, which we may not do. The Nevada decree, confirming as it did the agreement between the parties as it now stands, is entitled to full faith and credit. Thus, were we now to reform the agreement, we would in effect impair the Nevada judgment (*Schacht* v. *Schacht,* 295 N. Y. 439, 442; *Fry* v. *Fry, supra*). Accordingly, we conclude that it was error for Special Term to grant defendant's motion so to amend his answer as to interpose the defense of reformation.

The order of the Appellate Division and the order of Special Term should be reversed, plaintiff's motion for summary judgment should be granted, and the case should be remitted to Special Term for determination of the amount of arrears due under the separation agreement between the parties, with costs to appellant in all courts. The first and third questions certified by the Appellate Division are answered in the negative. The second question certified is not answered.

FROESSEL, J. (concurring). In my opinion, a triable issue is raised with respect to the alleged agreement whereby plaintiff agreed to accept $100 per month in " settlement and substitution " for the previously agreed larger alimony payments insofar as it is claimed to have been executed by eight payments of $100 each from September, 1949, to May, 1950 (*McKenzie* v. *Harrison,* 120 N. Y. 260; *Concourse & 191st St. Corp.* v. *Freiman,* 276 App. Div. 131, 134). However, since such matter was not pleaded as a partial defense (Civ. Prac. Act, § 262), I concur in the result.

CONWAY, DESMOND, DYE and FULD, JJ., concur with LEWIS, Ch. J.; FROESSEL, J., concurs in separate opinion; VAN VOORHIS, J., taking no part.

Orders reversed, etc.