■ In the Matter of WHITEFIELD REALTY, INC., et al., Appellants, against CHARLES ABRAMS, as State Rent Administrator, Respondent.— In a proceeding by the owners of two different buildings under the same management to review a determination of the State Rent Administrator, the appeal is from an order denying the petition and dismissing the proceeding. In the determination sought to be reviewed, respondent adhered to prior determinations denying applications for rent increases from tenants who had installed washing machines not permanently affixed to the realty. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■ HERMAN KAHN, Respondent, v. ALBERT FLEGENHEIMER, Appellant.— In an action to recover damages for breach of contract and on an account stated, the appeal is from an order denying a motion pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice to dismiss the complaint upon the ground that the contracts therein alleged are unenforcible under the Statute of Frauds (Personal Property Law, § 31, subd. 10). Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

■ RUTH KLUGER, Respondent, v. MOE KLUGER, Appellant.— In an action for separation, the appeal is from an order granting a motion for temporary alimony and counsel fees, referring the amounts thereof to the trial court, and directing that, in the interim, appellant pay $30 weekly for the support of respondent and a child and pay a $350 counsel fee. Order affirmed, with $10 costs and disbursements. Under the circumstances herein, which involve a child born after the parties separated, Special Term did not abuse its discretion. The action should be tried as soon as possible. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

■ ELISSA KULLACK, Appellant, v. GERHARD F. KULLACK, Respondent.— After appellant had obtained a judgment of separation in this State and an order was thereafter made modifying said judgment so as to increase the payments required to be made for the support of appellant and the children of the marriage, the parties entered into an agreement on April 24, 1951, providing for a lump sum payment to appellant and certain payments to be made by respondent for the support of each of the two children. On September 18, 1951, a Florida divorce decree was obtained by respondent, on the appellant's appearance, which, among other things, ratified and confirmed the agreement of April 24, 1951, but the Florida court retained jurisdiction touching the support and maintenance of the two children. Beginning May, 1955, respondent failed to make certain weekly payments to appellant for the support of the daughter of the parties on the ground that he was paying more than the amount required directly to the daughter. Appellant then applied in New York to modify the judgment of separation so as to increase the alimony for the support of herself and the two children, her claim being that respondent's income had greatly increased. The appeal is from the order denying the motion. Order affirmed, without costs. The New York courts may not entertain an application to modify the judgment of separation, or to reform or alter the separation agreement, because that would, in effect, be a reformation of the Florida decree, which is entitled to full faith and credit. (Rehill v. Rehill, 306 N. Y. 126, 135; Nichols v. Nichols, 306 N. Y. 490.) Even if it be claimed that respondent breached the agreement with respect to the support of the daughter, the Florida decree specifically reserved to the Florida court jurisdiction to adjudicate upon the support for the children, the retention of jurisdiction indicating that it did not intend to leave the matter of support for decision by the New York courts. Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur; Nolan, P. J., concurs in the result.