Samuel W. Eager, J.
There are before this court two motions by plaintiff, one to strike out the several affirmative defenses set forth in defendant’s answer as insufficient on the face thereof, and the other for summary judgment in plaintiff’s favor. The motions are consolidated, and one order shall be entered in accordance herewith.
The first defense is stricken. The allegations therein contained are merely conclusory without a setting forth of proper allegations factually showing payment or discharge. The second and fourth defenses are stricken. The allegations of these defenses are also purely conclusory in nature and there is nothing set forth therein by way of ultimate fact tending to defeat the alleged cause of action. The fifth defense is stricken as not in accordance with the law. The courts of this State do recognize the validity of divorces obtained in foreign States upon grounds other than the commission of adultery by a defendant. The third and sixth defenses are deemed sufficient and may stand.
The plaintiff’s motion for summary judgment is denied.
There are a number of decisions in this State supporting a holding that accrued alimony and support payments owing under the terms of a valid Florida decree of divorce are a “ debt of record ” recoverable by action here. (See, for instance, Moore v. MacKay, 132 N. Y. S. 2d 813; Stern v. Stern, 132 N. Y. S. 2d 817; Ikalina v. Andres, 159 N. Y. S. 2d 799; Maedell v. Maedell, 122 N. Y. S. 2d 838; Smith v. Smith, 255 App. Div. 652; Nichols v. Nichols, 306 N. Y. 490, 498; Sistare v. Sistare, 218 U. S. 1.) However, there is a question in the case at bar whether or not there is, in fact, anything due and owing to plaintiff by virtue of the terms of the Florida decree rendered December 26, 1951, and the order of September 25, 1956, modifying the same. The parties, prior to the bringing of the action resulting in the divorce decree entered into a separation agreement and a property settlement agreement, and these agreements were, by the terms of the decree expressly ‘ ‘ ratified and approved by the Court, and are incorporated in and made a part of this decree for the purposes expressed in said agreements.” Thus, the terms of said agreements are *200 continued in full force and effect and are binding on the parties and on this court. (See Rehill v. Rehill, 306 N. Y. 126.) It was provided by the separation agreement “ That so long as the Second Party (wife — the plaintiff here) shall fully keep, observe and perforin the terms, provisions, covenants and conditions hereof to be kept, observed and performed by her, the First Party (husband — the defendant here) ” should make the monthly payments to the plaintiff (wife) for her support and maintenance and for the support and maintenance of the children. Therefore, the obligation on the part of the defendant (husband) to make the payments depended upon the plaintiff’s keeping and observing material provisions of the agreement on her part to be performed. There would be nothing due, accrued or vested and no ‘ ‘ debt of record ’ ’ where the plaintiff did willfully fail and refuse to comply with material provisions of the agreement.
Now, there were in the agreement between the parties, provisions for visitation by the children of the marriage with the defendant, and defendant alleges that plaintiff has willfully and without justification failed and refused to comply with such provisions. Such failure and refusal on the part of the plaintiff would, in my opinion, constitute a defense to this action. (See Duryea v. Bliven, 122 N. Y. 567; Richards v. Richards, 5 Misc 2d 46; Matter of Noel, 173 Misc. 844; Blumberg v. Blumberg, 117 N. Y. S. 2d 906, affd. 280 App. Div. 986.)
I am aware that there are decisions declaring that, as a general rule, violations of visitation provisions of a divorce decree are not acceptable as a defense to an action to recover past-due support payments owing by virtue of the terms of the decree, some such decisions stating that there is a distinction between a case where a court decree is involved and a case where the rights of the parties depend solely upon the terms of a separation agreement. However, I believe that this general rule is not to be applied where the rights of the parties stem from a separation agreement made in this State, which agreement is incorporated and made a part of the divorce decree and, by the terms of which, the obligation to make the support payments is in effect made to depend upon the wife’s keeping and observing the provisions thereof with respect to visitation by the children with the husband.
Settle order on notice.