In an action to recover arrears claimed to be due under a written agreement of separation, the appeal is from an order denying appellant’s motion pursuant to rule 113 of the Rules of Civil Practice for summary judgment striking out the answer. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. In our opinion, there is lacking a showing sufficient to raise a triable issue with respect to respondent’s claim, not pleaded as a partial defense, that without objection appellant accepted a lesser weekly payment than that provided for in their separation agreement, pursuant to an alleged oral modification thereof. (Rehill v. Rehill, 306 N. Y. 126.) Axelrad v. Axelrad (285 App. Div. 903, affd. 309 N. Y. 687), cited by respondent, is distinguishable. There the alleged oral agreement of modification, or waiver of payment of part of the agreed amount, was pleaded as a partial defense, and the appeal was taken from a judgment in plaintiff’s favor after a trial. There was no question in that case as to whether defendant’s pleadings and supporting affidavits were sufficient to raise a triable issue with respect to such matter. Wenzel, Acting P. J., Ughetta and Hallinan, JJ., concur; Beldock and Kleinfeld, JJ., dissent and vote to affirm the order, with the following memorandum: Whatever defects there may be in the pleadings, the record as a whole presents triable issues of fact which should be resolved by a trial. In Rehill v. Rehill (306 N. Y. 126) waiver was a partial defense because it was with respect to only $800 of a total claim of $9,840. In the case at bar the claimed waiver is a complete defense of the entire claim. Respondent’s contention is, although not so pleaded, that under an oral agreement, actually executed, the reduced payments were to constitute, or to be deemed, payment in full of the amounts provided for in the separation agreement. Whether or not there was such an oral agreement is a question of fact. The determination on the motion for temporary alimony in a divorce action brought by appellant may not be the basis of a claim of res judicata. (Bannon v. Bannon, 270 N. Y. 484.)