Judgment and order unanimously affirmed, with costs to the respondent. We hold that the defendant-appellant’s contractual obligation to pay $2,500 per year for the support of his daughter until she “ attains her twenty-first (21st) birthday, or, if she has not completed her college education by that birthday, until such time as she does complete her college work” includes the obligation to support his daughter during the course of study for a bachelor’s degree. (Cf. Matter of Kelly, 285 N. Y. 139.) Under the provisions of the contract, the said obligation is unaffected by the daughter’s majority or marriage *977 status. (Cf. Rehill v. Rehill, 306 N. Y. 126, 133; Matter of Sylvester [Gluck], 2 N Y 2d 808.) If there be any ambiguity in the written agreement, it is for the court to construe, as a matter of law, unless there is tendered extrinsic evidence which will assist in the interpretation. (St. Lukes Home v. Association for Indigent Females, 52 N. Y. 191; Sheridan Associates v. Potasnik, 155 N. Y. S. 2d 81; 3 Williston on Contracts [rev. ed.], § 616, p. 1774 ; 2 Clark on New York Law of Contracts, § 795.) In this case, the affidavits suggest no such extrinsic proof. Consequently, the matter is one for the court to determine as a matter of law.
Concur — Botein, P. J., Breitel, Frank, McNally and Bergan, JJ.