Leonard J. Supple, J.
Plaintiff has moved for summary judgment for the relief sought in the complaint and for a dismissal of the counterclaims interposed in the answer.
The complaint alleges the execution by plaintiff and defendant of a separation agreement which, among other things, obligated the husband to ‘ ‘ pay to the wife for the support, care and maintenance of the children the sum of $125 per week ” until either child attained his or her majority, died or was married prior to attaining such majority, in which event the payment was to be reduced by one half. Upon the marriage, attainment of majority, or death prior to majority, of both children, the payments terminated. The agreement also contained a prohibition against waiver or modification unless in writing and executed with the same formality as the agreement itself and further provided that all the terms, conditions and covenants of the agreement “ shall be deemed one dependent upon, and not exclusive of, the others ”.
The complaint alleges that beginning January 25, 1965 the husband unilaterally and arbitrarily reduced the payments to *475 $60 per week and has continued payments in the reduced amounts. This suit is brought to collect the difference between the amounts the husband should have paid at the rate of $125 per week for the period which ended August 30, 1965 and the amounts which he actually paid.
The husband in his answer, in addition to generally denying the material allegations of the complaint, sets forth the affirmative defense of accord and satisfaction. He alleges in such defense that, on or about January 24, 1965, he demanded of the plaintiff an accounting of the moneys paid for the children’s support from the inception of the agreement up to that day, that it was agreed that, until such time as plaintiff supplied such account, the payments might be reduced to $60 per week and that, after the accounting had been delivered to the husband, the amount of the weekly payment would be renegotiated. He further alleges that, pursuant to this understanding, he paid the $60 per week and that she has not furnished the account as she promised to do. The defense, if established and if sufficient in law, would defeat the plaintiff’s claim. If sufficient in law and the court finds there is an issue of fact as to any of the allegations of the affirmative defense, the plaintiff’s motion must be denied.
The plaintiff attacks the affirmative defense on the basis that the alleged agreement is void since it was not in writing. Section 15-301 of the General Obligation Law, in general, renders enforeible the provisions of a written agreement which prohibits its modification other than in writing, signed by the parties to be charged. Here, the alleged modification agreement was not in writing. However, it appears that $60 checks were sent and that each check bore on its face the legend “ for the support of Karen and David Ostrowe ”. Before cashing them the wife says she indorsed them either “ Partial payment ” or “ Partial payment accepted on account without prejudice
Notwithstanding the language of the agreement prohibiting its modification except in writing, an oral accord and satisfaction, insofar as it is executed, is an effective defense. Whether or not the checks were accepted as a partial accord and satisfaction is a question of fact. The wife cannot avoid the legal effect of accepting checks tendered upon conditions imposed by her husband by imposing different conditions of her own. It is the debtor, not the creditor, who can effectively impose the conditions under which a check may be retained and cashed (Rosenblatt v. Birnbaum, 16 N Y 2d 212, 219; Hudson v. Yonkers Fruit Co., 258 N. Y. 168; Magrill v. Magrill, 16 Misc 2d 896).
*476 An issue of fact here exists as to whether or not the act of the wife in cashing the checks was an executed accord and satisfaction which would defeat all of the claims the wife makes against the husband in her complaint.
The husband in his complaint has set forth two counterclaims against the wife (second and fourth affirmative defenses and counterclaims) and two counterclaims against the wife and her present husband (third and fifth affirmative defenses and counterclaims). As for the two counterclaims against the wife and her present husband, it appears that such present husband has not yet been served and there is, therefore, a nonjoinder of an indispensably necessary party. However, each such latter counterclaim does state a cause of action although the relief sought may not be the relief to which defendant is entitled.
The second affirmative defense and counterclaim against the wife alone alleges that, up until January 24, 1965, the husband paid $125 per week to the wife for the support of the children pursuant to the separation agreement, that such payments were paid to the wife in trust and confidence and as trustee for the sole use and benefit of the children, and that a demand has been made upon her to account and that she has failed to do so. The fourth affirmative defense and counterclaim against the wife alone seeks a declaratory judgment to the effect that the execution of the separation agreement constituted the wife as the trustee of an express trust for the sole use and benefit of the children of the marriage. There is no question of fact involved in determining these two counterclaims. It should be noted that, here, there is not, as there is in other parts of the answer, any allegation that the wife has improperly diverted any of the moneys paid for the children’s support. The issue here is: Does the language of a separation agreement, which merely provides for the payment to the wife by the husband of certain sums for the support of the children of the marriage, impose a duty on the wife to account, or does it create an express trust of which the wife is the trustee? The latter circumstance, of course, would automatically impose the accounting duty upon her as an incident of such status. The issue here differs, in part, from the issue which the Appellate Division thought it had before it in Rosenblatt v. Birnbaum (20 A D 2d 556) in that, in the case just cited, it was assumed that the wife was not wholly applying the moneys for their intended purpose.
The Appellate Division (two Justices dissenting), expressed the view that, under the circumstances where it appeared there was a failure to wholly apply, the wife is a trustee, at least to the extent of being compelled to account for her trust. *477 Upon appeal, although the Court of Appeals affirmed the order of the Appellate Division, the opinion of the court three times stated that the issue which the Appellate Division thought was before them, was not. In one such statement the Court of Appeals said that the Appellate Division decision should not be used as a precedent on that issue (Rosenblatt v. Birnbaum, 16 N Y 2d 212, 222).
Lower courts, of course, are bound to follow precedents set by appellate courts, but here, the Court of Appeals has said that the Appellate Division opinion in Rosenblatt v. Birnbaum is not a precedent. Since it would seem that this issue has not been decided in this State in any reported case (see Rosenblatt v. Birnbaum, 20 A D 2d 556, 557 [dissenting opinion]), and there is here a distinguishing factor, the court is free to make its own determination on the issue.
As for the applicable law, the court is impressed with the reasoning expressed in the dissenting opinion in Rosenblatt v. Birnbaum (supra). Furthermore, the court believes that practical considerations should be given weight in establishing a rule of law in this field. A rule which would impose the duties of a trustee upon a wife under these circumstances seems to ignore the realities of family day-to-day living. It would mean that a wife, who has just experienced the trauma of a broken marriage, and who is suddenly faced with the responsibility and duty of bringing up the .children of the marriage alone, must keep detailed records of every expenditure, must keep the funds she receives from her husband separate from any other funds, and must be prepared, upon the attainment by the children of their majority, to institute final judicial settlement proceedings or to obtain her discharge by recording instruments. Presumably, she would be entitled to commissions at the expense of her own children. The remedy proposed for the evil of the occasionally dishonest mother is too drastic.
The motion will be granted to the extent that the second affirmative defense and counterclaim will be stricken and will otherwise be denied. The cross motion for summary judgment upon the counterclaim alleged in the second affirmative defense and counterclaim will not be decided as moot. The cross motion for summary judgment upon the counterclaims alleged in the third and fifth affirmative defenses and counterclaims of the answer will be denied. The cross motion for summary judgment upon the counterclaim alleged in the fourth affirmative defense and counterclaim will be granted to the extent that the court will declare that the plaintiff herein is not the trustee of an express trust existing and created by the written agreement, *478 dated April 29, 1963, made between the plaintiff and the said defendant relevant to the funds being paid her for the support, care and maintenance of the issue of the marriage between plaintiff and defendant. The defendant is entitled to bis declaratory judgment even though it be against him (Spadanuta v. Incorporated Vil. of Rockville Centre, 20 A D 2d 799, 800, affd. 15 N Y 2d 755).