Charles Margett, J.
This is a motion to dismiss each of the causes of action of the amended complaint and the entire amended complaint for legal insufficiency.
The plaintiff and defendant formerly were husband and wife. Three children were born of their marriage, the oldest of which is now 10 years of age. The parties entered into a separation agreement on June 30, 1964 which was subsequently incorporated by reference into a Mexican divorce decree. Both parties have since married other spouses.
The aforesaid separation agreement required the plaintiff to pay the defendant $100 a week for her support and, in addition, the sum of $150 a week for the support of the three children. After the defendant’s remarriage, a dispute arose as to the use of the moneys being paid by the plaintiff for the support of the children. The plaintiff claims that, pursuant to an oral understanding at the time the agreement was reached, $50 per week was to be deposited in an interest-bearing savings account for the future education of the children, but that instead the defendant was diverting the fund to the use of her present husband. The plaintiff then unilaterally reduced his payments for the children’s support to $100 a week and deposited the balance in a separate trust account for the benefit of the children. The defendant commenced a suit on the agreement in the Small Claims Part of the Civil Court and the plaintiff commenced the instant action.
Three causes of action are pleaded in the amended complaint. The second cause of action is to reform the separation agreement to include a provision that $50 a week be placed in an interest-bearing fund which shall be used solely and exclusively for the education of the children and the son’s confirmation. The third is for specific enforcement of either the alleged oral agreement or the written agreement as modified in accordance with the second cause of action.
Clearly, both the second and third causes of action are insufficient. ‘' It is firmlyestablished that a court may not modify or change a private contract such as a separation agreement ”. (Stillman v. Stillman, 20 A D 2d 723, 724.) As the Court of Appeals stated in Nichols v. Nichols (306 N. Y. 490, 496): “ The first and best rule of construction of every contract, and the only rule we need here, is that, when the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein ’ ’. In the instant case, the separation agreement is clear and unambiguous. Moreover, since the agreement has been approved by the Mexican court in the divorce decree, this court *479 would in effect be reforming the Mexican decree as well as the separation agreement if it entertained the plaintiff’s demand. This it may not do. (Cf. Rehill v. Rehill, 306 N. Y. 126, 135; Nichols v. Nichols, supra, p. 498.)
The court is of the opinion, however, that the first cause of action sets forth a legally sufficient cause for an accounting. True, such relief is not demanded in the ad damnum clause, but that is not determinative. The plaintiff pleads the making of the separation agreement, the fact that it calls for the payment by the plaintiff to the defendant of $150 per week to be used exclusively for the benefit of the infant children and that the ‘ ‘ defendant has failed to use said monies solely and exclusively for the benefit of the infant children, in that, defendant has diverted the said monies for uses and purposes of herself and other, in that, said defendant has violated and breached the fiduciary relationship imposed by the terms of said agreement.”
The defendant contends that a cause of action does not lie to compel a mother to account for support moneys received by her for the support of infants pursuant to a separation agreement. At least one court has so held. (Landau v. Ostrowe, 50 Misc 2d 474.) There is appellate authority to the contrary, however. (Rosenblatt v. Birnbaum, 20 A D 2d 556, affd. 16 N Y 2d 212; Denberg v. Frischman, 26 A D 2d 266; Craig v. Craig, 24 A D 2d 588.) Although as the court correctly observed in Landau (supra), the Court of Appeals in Rosenblatt (supra) did not decide the question, finding other grounds on which to affirm the Appellate Division, that court did not expressly disapprove of the holding of the Appellate Division that the wife was a trustee who may be required to account whether or not the trust agreement so provides. In Craig (supra), the Appellate Division, Second Department, repeated the statement that moneys received by a mother pursuant to a separation agreement for the support of a child and which are not actually expended for that purpose constitute a trust fund which she must hold for the benefit of the child. The Appellate Division for the First Department thereafter cited Craig (supra) for the proposition that if a mother is entitled to recovery of sums for support of children under a separation agreement and no sum has been expended for such support, the recovery can be directed to be placed in trust by her for the benefit of the infants. (Denberg v. Frischman, supra, p. 268.)
Such holdings are entirely reasonable. A person charged with the responsibility of raising children, who receives moneys specifically for that purpose, should not be permitted to divert the moneys to some other purpose. The court, of course, recog *480 nizes that it may not be possible in the usual case for a mother to account for the ordinary day to day minor expenditures necessarily incurred for the benefit of the children. It is not necessary, however, at this time to determine the full extent of the accounting should the plaintiff succeed in establishing the truth of the allegations contained in the first cause of action in his amended complaint. At that time, the court may lay down the necessary guide lines.
The defendant’s motion is granted insofar as it seeks to dismiss the second and third causes of action and is denied as to the first cause of action. In the interests of justice, the court finds that the children should be joined in this action as party plaintiffs through a guardian ad litem, who shall be designated in the order to be entered hereon. (Rosenblatt v. Birnbaum, supra.)