■ NASSAU TRUST COMPANY, Appellant, v MONTROSE CONCRETE PRODUCTS CORP. et al., Respondents, et al., Defendants.—In an action by a mortgagee to foreclose a first mortgage on real property owned by the defendant Montrose Concrete Products Corp., the appeal is from so much of an order of the Supreme Court, Westchester County, entered November 2, 1979, as denied plaintiff's motion for summary judgment. Order modified, on the law, by striking therefrom everything following the words "are deemed amended accordingly" and by substituting therefor the following: "In addition, the first, second and third affirmative defenses of the defendants Montrose Concrete Products Corp., Louis G. Imperato and Edna Imperato are struck from their answers, and the action is severed as to the defendants Imperato. The counterclaim of the defendant Montrose Concrete Products Corp. is dismissed, and plaintiff's motion for summary judgment against defendant Montrose is granted to the extent requested in plaintiff's notice of motion." As so modified, order affirmed insofar as appealed from,

with $50 costs and disbursements payable to plaintiff by defendant Montrose. Defendant Montrose Concrete Products Corp. (Montrose) admits it defaulted in making mortgage payments. The first, second and third affirmative defenses of Montrose are identical with those of defendants Imperato who had personally guaranteed payment of the mortgage note. The three affirmative defenses are based on an alleged agreement by plaintiff to waive any defaults by Montrose and to refrain from foreclosure while Montrose was negotiating with a third party for the sale of the mortgaged property. We find no valid waiver here, either oral or written. Montrose and the Imperatos claim an oral waiver, but the record shows there was no consideration moving to the plaintiff mortgagee to support such waiver, and thus it is invalid (see *Rehill v Rehill*, 306 NY 126, 131). The record contains a written conditional waiver signed by the plaintiff, and this is likewise not supported by consideration moving to the plaintiff. However, because the instrument is in writing, the absence of consideration does not render it invalid (see General Obligations Law, § 5-1103). Although this waiver was not invalid for lack of consideration, it was conditioned upon (1) payment by Montrose of certain delinquent real property taxes, and (2) receipt by plaintiff of evidence of a signed contract for the sale of the property involved herein, both conditions to be performed by a specified date. Montrose did not fulfill either of these conditions precedent, and consequently the written waiver never became effective. There being no effective, valid waiver here, the first, second and third affirmative defenses of Montrose and the Imperatos, which are all based on the existence of a valid waiver, must be dismissed. The same is true of Montrose's counterclaim, which is also based on the existence of a valid waiver. The defendants Imperato did not counterclaim but instead pleaded release as a fourth affirmative defense in that, without their consent, the plaintiff and Montrose executed an extension agreement which materially changed the terms of the note and mortgage as to a material matter, thereby releasing the Imperatos from any obligation under their personal guarantees. The original mortgage note provided that interest was to be paid quarterly commencing June 1, 1976 at the prime commercial loan rate charged by a specified bank for 90-day loans to its best commercial borrowers, plus 4% a year, provided that the interest would never be less than 10%, nor more than 14% a year. The extension agreement, which plaintiff and Montrose executed on February 1, 1977 provided, among other things, that interest from December 1, 1976 until December 1, 1977 would be paid quarterly on the unpaid principal balance at the rate of 14% a year. The Imperatos assert that the average prime rate during this period was 6.7075%, thus fixing the average monthly rate of interest under the note at 10.7075%. The rate of interest under the extension agreement exceeds this by 3.2925%, which on the unpaid principal during this period resulted in additional interest of nearly $9,700. This may reasonably be found by the trier of fact to be substantial enough to constitute a material change in the terms of the original mortgage note with respect to interest, thereby releasing the Imperatos from their obligation under their guarantees. There being an issue of fact with respect to the fourth affirmative defense of the Imperatos, the court properly refused to grant plaintiff summary judgment against them. Cohalan, J. P., Margett, O'Connor and Weinstein, JJ., concur.