■ CHEMICAL BANK, Respondent, v NICHOLAS ECON et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered February 13, 1981 in Washington County, which granted plaintiff's motion for summary judgment. On June 9, 1978, plaintiff loaned the sum of $27,800 to defendants, who duly executed a bond and mortgage. Defendants failed to pay the monthly installments of principal and interest which became due on September 1, 1979 and thereafter. Consequently, on December 12, 1979, plaintiff sent a letter to defendants advising them that by virtue of their default plaintiff had elected, pursuant to the terms of the bond and mortgage, to declare the loan in default. Subsequently, plaintiff commenced the instant mortgage foreclosure action and, after defendants interposed answers, moved for summary judgment. Special Term granted the motion and this appeal ensued. Defendants do not deny that they defaulted in making mortgage payments. Rather, they assert in their answer that: (1) plaintiff waived its right to foreclose the mortgage, and (2) plaintiff should be estopped from foreclosing. Specifically, these contentions are based upon defendants' allegation that on December 19, 1979 a vice-president for plaintiff told defendants that plaintiff would allow defendants to delay mortgage payments until such time as defendants' heating bills had been paid. With respect to estoppel, it is established that: "to defend against a summary judgment motion in a foreclosure action it is incumbent upon the real property owner who relies upon an estoppel defense to produce 'evidentiary proof in admissible form * * * sufficient to require a trial [of that defense] * * * mere conclusions, expressions of hope, unsubstantiated allegations or assertions are insufficient' ". (*State Bank of Albany v Fioravanti,* 51 NY2d 638, 647.) Here, we are informed in defendants' answer that estoppel arises from a statement allegedly made by plaintiff's vice-president. While the function of the court on a motion for summary judgment is to ascertain whether the papers demonstrate the existence of a triable issue of fact and not to determine the issues presented, we conclude that something more than defendants' unsubstantiated allegation, contained in

their answer, is required to demonstrate that defendants relied upon an assurance of the bank under circumstances that would constitute estoppel (*id.*). Moreover, we find no valid waiver here. It is uncontroverted that there was no consideration moving to plaintiff to support the alleged waiver and, thus, there can be no valid waiver (*Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 75 AD2d 866, app dsmd 53 NY2d 935; 38 NY Jur, Mortgages and Deeds of Trust, § 179, p 348). Accordingly, the order must be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.