CLAUDE M. NANKIVEL, Respondent, v. GASTON, WILLIAMS & WIGMORE, INC., Appellant.— Order denying defendant's motion for an interlocutory judgment on its counterclaim affirmed, with ten dollars costs and disbursements. No opinion. Mills, Rich, Putnam, Blackmar and Kelly, JJ., concur.

NATIONAL FOUNDRY COMPANY OF NEW YORK, INC., Appellant, v. MORRIS KAUFMAN, Respondent.— Judgment reversed and new trial granted, with costs to appellant to abide the event. The plaintiff endeavored to prove an assignment by parol of the contract in suit. An assignment in writing was unnecessary. (*Risley* v. *Phenix Bank of City of N. Y.*, 83 N. Y. 318; *Greene* v. *Republic Fire Ins. Co.*, 84 id. 572; *Fairbanks* v. *Sargent*, 117 id. 320.) The exclusion of conversations between the assignor and plaintiff's president, at folios 131, 132, 133 and 134, was error. A parol assignment being sufficient, the plaintiff was entitled to prove the conversation by means of which that assignment was made. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

FRED NIELSEN, Respondent, v. COASTWISE DREDGING COMPANY, Appellant.— Judgment and order reversed, and new trial granted, costs to appellant to abide the event, for the reason that plaintiff failed to prove negligence on the part of defendant. The alleged defect in the iron bar was not the proximate cause of the accident. The bar inserted in a space three inches deep slipped, not because of the wearing away of one-quarter or one-third of an inch at the corner of the bar, but because the space in which it was inserted was covered with grease and oil placed there by plaintiff. The method of turning over the engine by use of the bar was selected by plaintiff of his own volition. He testifies that the ordinary method was by use of steam. The bar in question was a simple ordinary appliance used before and since without alteration or change, and the accident was occasioned by the manner in which it was used and not by any defects in the bar. Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concur.