OTTO SCHUTTINGER, Respondent, v. FRANK C. WOODRUFF, as Sole Surviving Partner of the Partnership Trading as S. D. WOODRUFF & SONS, Appellant.

First Department, July 1, 1931.

*Robert McLeod Jackson* of counsel [*Henry Hoelljes*, attorney], for the appellant.

*Henry Braverman*, for the respondent.

MARTIN, J. The plaintiff, as assignee of Carmine Faraone Mennella of Naples, Italy, seeks to recover the purchase price of vegetable and flower seeds alleged to have been sold and delivered and also damages for failure to accept goods sold and delivered by the plaintiff's assignor to the firm of S. D. Woodruff & Sons of New York city.

The complaint sets forth four causes of action. The first three causes of action are for seed of the 1926 crop, ordered by the defendant's firm at various times from May 20, 1926, to February 4, 1927, at an aggregate price of $9,056.88. These seeds were shipped by Mennella and were received and retained by the defendant. It is admitted by the plaintiff that the sum of $5,135.43 was paid on account thereof, leaving a balance of $3,921.45 alleged to be due.

The fourth cause of action is to recover damages for seeds of the 1927 crop, alleged to have been ordered October 11, 1926, which were never shipped or delivered by the plaintiff's assignor, the defendant having canceled the order. The complaint alleges

tender and the defendant's wrongful refusal to accept; that plaintiff's assignor thereupon duly notified the defendant's firm that he elected to treat said seeds as belonging to the defendant; that he stored the same for the defendant's account, and that he so notified the defendant; and that there became due and owing from the defendant to the plaintiff's assignor the sum of $4,086.25, no part of which has been paid, although demanded.

The answer contains a general denial and a number of separate defenses, two of which are important on this appeal. To the first three causes of action there is a separate defense of accord and satisfaction, and to the fourth cause of action there is a defense that the order was conditioned on the seeds of the 1926 crop proving satisfactory, and that they did not prove so, of which fact timely notice was given to the plaintiff's assignor, and the order canceled.

The answer further set up by way of recoupment a counterclaim for $3,000 damages for alleged breach of warranty, it being alleged that the plaintiff's assignor warranted that the goods covered by the first, second and third causes of action would germinate eighty-five per cent or better; that the goods were not as warranted and did not germinate eighty-five per cent or better, and were defective in quality and unmerchantable, and that by reason thereof defendants sustained damages, and that the defendants, within a reasonable time after they knew or ought to have known of such breach of warranty, notified the plaintiff's assignor thereof.

The evidence established that the goods covered by the first three causes of action, being 10,000 pounds of white Bermuda onion seeds and 448 pounds of yellow Bermuda onion seeds, were shipped by Mennella from Italy in August, 1926, and arrived in New York about the end of that month or the early part of September, 1926, and that the goods were immediately shipped by the defendant to customers.

There is testimony to the effect that the germination test of onion seed will take about ten or twelve days. The defendant Frank C. Woodruff testified that after receiving the 1926 onion seeds and prior to October 11, 1926, the defendant made a preliminary test of the germination quality of the seeds by using four samples, and that the result was not as agreed upon by the terms of the contract. It is important to note that on October 11, 1926, shortly after the defendants made these tests, Mennella called on the defendant Frank C. Woodruff at his office in New York and received a *conditional order* for seeds of the 1927 crop, on which the fourth cause of action is based. The witnesses differ in stating what occurred at this interview. There can be no question, how-

ever, about the terms of the order for the seeds of the 1927 crop, for it is in writing and appears in the record. This order called for 5,000 pounds of crystal white Bermuda onion seed of " good germination," and was placed " *on condition that the seed we purchased from you this year is satisfactory to our customers. In event of its failing to be satisfactory, we reserve the right to cancel this order.* Will advise you *on or before April 1, 1927,* whether or not the seed is satisfactory." This conditional order was accepted by Mennella in a letter to the defendant's firm dated November 4, 1926, and in this letter Mennella stated that he had booked the defendant's said order and that " *said order is against your reserved right of your definite confirmation on or before 1st April, 1927.*"

At the October 11, 1926, interview the defendant's firm paid Mennella $2,000 on account, and on December 15, 1926, the defendant sent to Mennella at San Francisco, Cal., a check for an additional $1,000 on account; said check was inclosed in a letter wherein the defendant informed Mennella that many serious complaints had been received from customers concerning the quality of the onion seed which Mennella sold, and that the defendant was required to make refunds to satisfy customers and compelled to pay the expenses incurred in planting said seeds, and that the defendant would look to Mennella for a full explanation. On December 8, 1926, defendant had written a similar letter of complaint to Mennella at Naples, Italy.

The defendant Frank C. Woodruff testified that defendant had received from customers in Texas between December 8 and 15, 1926, very serious complaints about the 1926 onion seeds purchased from Mennella, and that after receiving such complaints, in January, 1927, defendant made further germination tests of the seeds which showed an average germination of forty-four per cent, which was very low.

The defendant contends that the firm lost about forty per cent of its customers, 'who demanded a return of the money paid for seed which did not germinate properly. After further correspondence between the parties, the defendant on June 24, 1927, advised Mennella that the firm would not accept any more seeds from him, to which Mennella under date of July 9, 1927, replied reiterating that the defendant's 1927 crop order remained booked and that the defendant would have to accept all the produce that Mennella would get from his cultures.

On this appeal the defendant contends that the plaintiff failed to prove an assignment to himself and hence the complaint should have been dismissed; that the first three causes of action set forth in the complaint were discharged by an accord and satisfaction;

that the defendant was entitled to the allowance of his counterclaim to which no reply had been served; that under section 144 of the Personal Property Law no recovery could be had for the purchase price of the goods covered by plaintiff's fourth cause of action and that the plaintiff could not recover upon his fourth cause of action for want of an enforcible contract of sale.

The written assignment relied upon does not assign anything. Through an oversight the parties evidently failed to set forth what was intended to be assigned. The written assignment is worthless. Both the assignor and assignee testified to an oral assignment. It has been held that an oral assignment is sufficient. (*Greene* v. *Republic Fire Ins. Co.,* 84 N. Y. 572, 574; *Risley* v. *Phenix Bank of City of New York,* 83 id. 318, 328; *National Foundry Co. of New York, Inc.,* v. *Kaufman,* 190 App. Div. 956; *Porter* v. *Lane Const. Corp.,* 212 id. 528.)

In the first three causes of action for seeds sold and delivered, it is alleged that the seeds were sold in three installments. The part payments for these three orders left $3,921.45 due. On the first order there was a balance of $1,068.80 alleged to be due; on the second, $1,614.57, and on the third $1,238.08.

The first defense offered to the first three causes of action is that the seed was worthless or practically so, and that it was either returned or the defendant was compelled to return the whole or part of the money that had been paid to him on the resale of the seed. There was an issue of fact with reference to the quality of the seed. The defendant contends that upon receipt of the seed by him he made a test and found it to be of very poor quality. The seed was guaranteed. The guaranty was that eighty-five per cent of the seed would germinate. The defendant says that he found less than seventy-five per cent of it germinated. The defendant's testimony was not altogether satisfactory on these causes of action, especially in view of the fact that he gave additional orders after he found that this seed was of poor quality.

The defendant also contends that an accord and satisfaction was established. A check dated April 12, 1927, was made out for $2,135.43 and delivered to plaintiff's assignor. The check read, " In full of all accounts to date," and was indorsed, placed in plaintiff's assignor's account and paid by defendant's firm.

The law of accord and satisfaction was stated in *Fire Ins. Assn.* v. *Wickham* (141 U. S. 564, at p. 577) as follows: " If there be a *bona fide* dispute as to the amount due, such dispute may be the subject of a compromise and payment of a certain sum as a satisfaction of the entire claim, but where the larger sum is admitted to be due, or the circumstances of the case show that there was

no good reason to doubt that it was due, the release of the whole upon payment of part will not be considered as a compromise, but will be treated as without consideration and void." *Schnell* v. *Perlmon* (238 N. Y. 362) is to the same effect.

The plaintiff contended on the trial that there was no dispute and, therefore, no compromise or accord and satisfaction. The court held that it was a question of fact whether there was a *bona fide* dispute and that upon the decision of that question by the jury the matter must be determined.

The court charged the jury as follows: " That brings me to that check which has the words, ' In full of all accounts,' written on the face of it. I think you have seen the check. If not, you may have it with you when you retire. It is true, as counsel states, that if there is a real controversy, not a trumped up or fancied objection, but a real controversy that reasonable men would honestly differ over, if there is such a controversy, and if the one from whom money is expected in payment tenders a check with ' In full of all accounts ' on it, and the other side receives it, that is an accord and satisfaction. Of course, if you absolutely owe a debt beyond any question and write those words on the check, and the other fellow takes it and cashes it, that does not relieve you. There must be a real, *bona fide*, honest controversy between the parties, and if under such circumstances the one party takes from the other a check in full of the account, it is in full of the account and he can make no further claim."

The jury found there was not a *bona fide* dispute and, therefore, no accord and satisfaction. The result appears to have been warranted in view of the fact that the defendant resold the seed after ʼle says he made a test that established that the seed did not comply with the guaranty; that after several such tests he gave additional orders and also made payments for the seed which he says he knew did not comply with the terms of the contract. There was other evidence offered by the defendant which was very inconsistent with the defendant's position taken on the trial, all of which probably convinced the jury that there was not much merit to the defense of breach of warranty or the dispute claimed to have been disposed of by the accord and satisfaction.

The recovery on the fourth cause of action cannot be sustained. We have already pointed out that on October 11, 1926, the defendant gave a conditional order for 5,000 pounds of crystal white Bermuda onion seeds at seventy-five cents a pound. The order was to become effective only in the event that the seed sold the previous year was satisfactory to defendant's customers. The record shows that it was not only unsatisfactory but that many

customers refused to pay for the seed and that fact was communicated on several occasions to the plaintiff.

Despite the cancellation of the order, a recovery was permitted to the extent of $4,086.25 and interest. There was no reason whatever for such a recovery.

The judgment should, therefore, be modified by allowing judgment on the first, second and third causes of action, with interest, and dismissing the complaint as to the fourth cause of action, and as so modified the judgment and order appealed from should be affirmed, without costs.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Judgment modified by allowing judgment on the first, second and third causes of action, with interest and costs, thereby reducing the judgment as entered to the sum of $5,144.41, and dismissing the complaint as to the fourth cause of action, and as so modified judgment and order appealed from affirmed.