Otto Schuttinger, Appellant and Respondent, *v.* Frank
C. Woodruff, as Surviving Partner of the Firm of
S. D. Woodruff & Sons, Respondent and Appellant.

(Argued May 3, 1932; decided June 1, 1932.)

*Henry Braverman* and *Edward E. Reichman* for plaintiff, appellant and respondent. The fourth cause of action is based upon an enforceable contract. (*U. S. Rubber Co.* v. *Silverstein*, 229 N. Y. 168; *Watson* v. *Muskegon S. S. Corp.*, 208 App. Div. 158; *Carter, Macy & Co.* v. *Matthews*, 220 App. Div. 679.) The first three causes of action were not discharged by an accord and satisfaction. (*Schnell* v. *Perlmon*, 238 N. Y. 362; *Mance* v. *Hossington*, 205 N. Y. 33; *Fuller* v. *Kemp*, 138 N. Y. 231; *Milford Spinning & Weaving Corp.* v. *Manowitz*, 203 App. Div. 415; *International Battery Co.* v. *Westreich*, 182 App. Div. 843; *Cornell* v. *Taylor*, 137 App. Div. 496.)

*Robert McLeod Jackson* and *Henry Hoelljes* for defendant, respondent and appellant. The fourth cause of action cannot be maintained as one for the price of the goods. (Pers. Prop. Law, § 100, rule 4; *Smiley Steel Co.* v. *Schmoll*, 200 App. Div. 655; 235 N. Y. 520; *Carter, Macy Co.* v. *Matthews*, 220 App. Div. 679; 247 N. Y. 532; *Funt* v. *Schiffman*, 115 Misc. Rep. 155; *Reichbart* v.

*Smith-Eisemann Corp.*, 199 App. Div. 571; *American Aniline Products, Inc.*, v. *Nagase & Co.*, 187 App. Div. 555; *Robison & Co.* v. *Kram*, 195 App. Div. 873; *Pottash* v. *Cleveland-Akron Bag Co.*, 197 App. Div. 763; 235 N. Y. 520; *Economu* v. *Schwartz*, 198 App. Div. 723.) The first three causes of action set forth in the complaint were discharged by ·an accord and satisfaction, and the trial court erred in leaving the question to the jury. (*Schnell* v. *Perlmon*, 238 N. Y. 362; *Simons* v. *American Legion of Honor*, 178 N. Y. 263; *Post* v. *Thomas*, 212 N. Y. 264; *Morris* v. *Talcott*, 96 N. Y. 100; *Constant* v. *University of Rochester*, 133 N. Y. 640; *Shotwell* v. *Dixon*, 163 N. Y. 43; *Lopez* v. *Campbell*, 163 N. Y. 340; *Shultz* v. *Hoagland*, 85 N. Y. 464; *O'Rourke* v. *Rankin*, 193 App. Div. 494; *Lumbrazo* v. *Woodruff*, 256 N. Y. 92.) There was a *bona fide* dispute. (*Horan* v. *Hastorf*, 223 N. Y. 490; *Thompson* v. *Postal Life Ins. Co.*, 226 N. Y. 363; *Paige* v. *Willet*, 38 N. Y. 28; Civ. Prac. Act, § 243; *Schnell* v. *Perlmon*, 238 N. Y. 362; *St. Regis Paper Co.* v. *Tonawanda Co.*, 107 App. Div. 90; *Simons* v. *American Legion of Honor*, 178 N. Y. 263; *Rogers-Pyatt Shellac Co.* v. *Starr Piano Co.*, 212 App. Div. 792; *Fuller* v. *Kemp*, 138 N. Y. 231; *Wisner* v. *Schopp*, 34 App. Div. 199; *Whitaker* v. *Ellenberg*, 70 App. Div. 489.)

O'BRIEN, J. Plaintiff's assignor, Carmine Faraone Mennella, residing in Italy and there engaged in the business of growing and dealing in all kinds of seeds, sold to defendant, a wholesale seed dealer in New York, large quantities of seeds at agreed prices. Defendant's first order, dated May 20, 1926, required the delivery of onion seed of the 1926 crop guaranteed to germinate eighty-five per cent or better. A second order, dated June 16, 1926, also provided for onion seed. A third order, dated October 11, 1926, for onion, broccoli and other seed, good germination, of the 1927 crop was placed

with Mennella by defendant on condition that the seed purchased under the previous orders should prove satisfactory to defendant's customers. Between November, 1926, and February, 1927, additional orders for seeds were sent by defendant to Mennella. The first alleged cause of action grows out of the order of May 20. The second cause arises from the order of June 16 and a balance is demanded after deducting the sum of $2,135.43 alleged by plaintiff to have been paid by defendant *on account*. The third is based on the orders between November, 1926, and February, 1927, and avers that no payment has been made for the merchandise therein stated to have been delivered. The fourth cause of action proceeds on the theory that under the conditional order of October 11, 1926, defendant agreed to pay but has refused to accept or pay for the merchandise then ordered. At Trial Term plaintiff recovered the entire amount alleged in all his causes of action. The Appellate Division modified the judgment by dismissing as to the fourth cause. It dismissed for the reason, as stated in the opinion, that the conditional order of October 11, 1926, " was to become effective only in the event that the seed sold the previous year was satisfactory to defendant's customers. The record shows that it was not only unsatisfactory but that many customers refused to pay for the seed and that fact was communicated on several occasions to the plaintiff." (233 App. Div. 272, 277.)

We agree that the fourth cause of action was, for the reason stated, properly dismissed. That reason, if no other, seems to require that the defense of accord and satisfaction pleaded to the first three causes of action should be sustained. This defense alleges that by the agreements of May 20 and June 16, 1926, Mennella warranted that the seeds would germinate eighty-five per cent or better, that they did not so germinate but were defective and unmerchantable, that defendant was unaware of this fact when he accepted delivery, that prior

to April 27, 1927, a controversy had arisen between defendant and Mennella concerning the quality of the merchandise, that defendant in good faith claimed that it was not as warranted but was defective and the seeds did not germinate eighty-five per cent or better, that on April 27, 1927, defendant tendered to Mennella a check for $2,135.43 in full of all accounts to date and that Mennella accepted it in full satisfaction and discharge of all claims included within the first three causes of action. If true, these allegations by defendant establish a perfect defense.

Unless there exists a genuine controversy concerning the amount due, mere payment by one party of a sum less than the whole of the claim and its acceptance by the other do not erect a foundation for such a settlement as may be deemed an accord and satisfaction. An indispensible element contributing to the establishment of this defense consists in an actual and substantial difference of opinion. One must assert the validity of his claim and the other must in good faith deny all or part of it. His denial cannot be fabricated for use as a pretext to evade the discharge of an obligation. Disclaimer must be *bona fide* and based upon real faith that the demand is not meritorious. The debtor must honestly hold the opinion either that he owes nothing or that he is bound only to the extent of paying less than his adversary seeks to exact. Compensation by the debtor up to an amount concededly due and rejection by him of a balance representing the subject of dispute even when accepted by the creditor cannot be regarded as anything in excess of a partial payment, but the tender of a sum, less than one representing a claim asserted but in good faith disputed, as a complete discharge of all indebtedness and its acceptance by the creditor under such conditions create premises from which the conclusion must follow that the creditor acquiesces in the amount offered. Such a tender and acceptance satisfies the doctrine of accord

and satisfaction. The dispute need not rest upon factors arising from sound reasons. The debtor may be wrong in his contention. That he honestly believes in the correctness of his position is enough. (*Schnell* v. *Perlmon*, 238 N. Y. 362; *Hudson* v. *Yonkers Fruit Co.*, 258 N. Y. 168.)

The payment by defendant on April 27, 1927, of $2,135.43 " in full of all accounts to date," as noted on the face of the check, together with plaintiff's acceptance, is the pivotal point in the case. That sum was less than plaintiff claimed and more than defendant admitted. An opportunity for compromise was present. When that payment was made and accepted, a controversy of some nature between these parties certainly existed. If the disagreement was *bona fide* in that defendant in good faith disputed the merits of the claim against him, then the transaction constitutes an accord and satisfaction. The question of fact whether defendant sincerely or deceitfully assumed his position of resistance was left to the jury and a verdict was rendered in favor of plaintiff. We can discover no evidence tending to support it. When defendant delivered and plaintiff accepted the check for $2,135.43, the aggregate of the prices for the seeds ordered as alleged in the first three causes of action was $9,056.88, upon which defendant had previously made partial payments amounting to $3,000, leaving a balance claimed for $6,056.88 on those three causes of action. On the fourth cause of action a bill for $4,086.25, upon which nothing had been paid, was alleged to be due. The total claim on all alleged causes was $10,143.13, upon which defendant refused to pay more than $2,135.43. Plaintiff's recovery for which he sued was $8,007.70. Accompanying the check for $2,135.43 defendant sent the following letter: " We enclose herewith check for $2,135.43 payment in full for the seeds you shipped us. We are going to ask you to forget the balance due on this seed, for reason, as already reported to you, that the Onion

Seed, White and Yellow Bermuda you shipped us did not germinate over 40%. We have actually lost two-thirds of the entire amount of money we sold this seed for, our customers demanding the return of their money due to the fact that they found the seed did not germinate. We are, therefore, submitting this check in full settlement of the account, believing that you will agree with us that the seed did not germinate and certainly should not be paid for. We are paying you in full for the Broccoli Seed, although we had to make a refund of $1,000 to our customers on this seed. We are wondering, if, by any chance, the seed you intend to ship us this year will be the same as shipped us last year, if so, we must ask you to cancel the order as we cannot again ship out seed of such poor quality to our customers." This letter was the culmination and summary of many oral and written statements which defendant had proffered to plaintiff in relation to complaints received from customers. The verdict importing that such complaints were counterfeit and that defendant's declared loss was spurious or that his avowed belief that he was entitled to some kind of redress was feigned is entirely baseless. Not a word in the record justifies such inferences. After we arrive at agreement with the Appellate Division that the record shows that the 1926 seed was unsatisfactory to defendant's customers and that many of them refused to pay, it is impossible to reach any conclusion except that defendant was free from guile in his profession of injury, that a genuine controversy existed between the parties and that the merits necessarily lay with defendant.

The judgment of the Appellate Division and that of the Trial Term should be reversed by directing a dismissal of the first three causes of action and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.