Elsie B. Forster, Appellant, v. Manufacturers Trust Company, Respondent.— Judgment reversed on the law and the facts, with costs, and judgment directed for plaintiff for the relief demanded in her complaint, with costs. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings will be made in conformity therewith. In our opinion, the defendant is concluded by our former decision on the issues of accord and satisfaction and release. We are also of the opinion that there is no sufficient evidence in the record that Rogers, at the time he converted the securities in question, was acting as plaintiff's agent. On the contrary, the testimony and the documentary evidence show that when he received plaintiff's securities and issued defendant's official receipt therefor he was acting within his authority as an officer of the bank and received them for the defendant. The finding of the trial court that Rogers acted as plaintiff's agent, in connection with these securities, is contrary to the evidence. Young, Kapper and Scudder, JJ., concur; Davis, J., dissents and votes to affirm, with the following memorandum: The plaintiff sought in this action to recover from the defendant bank the value of securities wrongfully converted by one Rogers, who was employed by defendant at one of its branch banks as assistant secretary. The facts as found by the learned trial court were, in brief, that the securities were originally owned by the plaintiff's brother, now deceased; that he was an officer of the bank superior in authority to Rogers; that Rogers assisted the brother in making investments and had charge of some of the securities as the confidential agent of the brother; that prior to his death the brother recommended to plaintiff that she consult with Rogers about the personal affairs and finances of the brother; that she did so and intrusted Rogers with the securities which he sold, appropriating the proceeds; that in so acting Rogers was the plaintiff's personal agent and that his duties as an officer of the defendant did not include within their scope the acts concerning which complaint is here made; and, therefore, the bank was not her agent and was not liable for the acts of Rogers. These facts and the conclusions drawn therefrom are supported by the evidence. There was sharp dispute concerning the facts and I accept the findings made by the justice who saw and heard the witnesses. There was the further question of accord and satisfaction of a claim in dispute both on the facts and the law, which in my opinion was not finally determined on the former appeal, which dealt with the narrower question of the validity of a general release. The plaintiff was represented by counsel in a meeting between the interested parties in an attempt to compromise and settle their differences. The principal controversy was between the plaintiff and the surety of defendant, with the bank taking at the time a somewhat passive or neutral attitude. The attorney representing plaintiff at the time was one of the firm who were counsel for the bank. If his evidence be credited — and it is not seriously disputed — there was nothing unethical about his conduct. He stated his position fairly; he advised the plaintiff fully as to her rights, and told her that she should seek advice from other counsel and consider carefully before acting on

the compromise offer made and act on her own judgment. He did not recommend that she accept the compromise tendered after the discussion with those whom she sought to hold liable. Eventually she accepted the compromise offer and was paid. It is not claimed that there was fraud, misrepresentation or overreaching in obtaining her assent. There was consideration for the compromise of an unliquidated and disputed claim; and whether or not the parties agreed on the facts or that there was a mistake in respect to the legal doctrine, the accord and satisfaction has not been impugned. (*Schuttinger* v. *Woodruff*, 259 N. Y. 212.) If I am in error in my view that the question of accord and satisfaction is still open, then in my opinion the first ground stated is sufficient to warrant affirmance. Therefore, I dissent and vote to affirm. Hagarty, J., votes to affirm on the first ground stated by Davis, J. Settle order on notice.