ELSIE B. FORSTER, Respondent, *v.* MANUFACTURERS TRUST COMPANY, Appellant.

(Argued April 23, 1935; decided May 21, 1935.)

372

*George W. Whiteside, Horace G. Hitchcock* and *Charles Pickett* for appellant.

*Charles S. Aronstam* and *Archie S. Karp* for respondent.

*Per Curiam.* At the first trial of this action for conversion, tried by the court without a jury, the trial court made findings of fact upon all issues in favor of the defendant and dismissed the complaint. On appeal, the Appellate Division without reversing any of the findings of fact, reversed the judgment upon the law, and granted a new trial upon the ground that the general release under seal, executed and delivered by the plaintiff to the defendant, was without consideration. (240 App. Div. 727.)

At the second trial before the court without a jury, the trial court again made findings of fact upon all issues except as to the general release in favor of the defendant. The Appellate Division reversed certain findings, made new findings and granted judgment in favor of plaintiff.

A question is raised as to the practice adopted by the Appellate Division in making new findings on the second appeal after an appeal had been taken to this court from the judgment of the Appellate Division. Upon the argument in this court counsel stipulated in open court to waive those questions and requested the court to determine the appeal upon the merits. We, therefore, pass those questions, accept the stipulation of the counsel and consider only the question of fact involved as we are required to do where the Appellate Division reverses findings of fact and makes new findings.

Upon the issue of accord and satisfaction, the trial court found in favor of the defendant. The Appellate Division reversed that finding. If the trial court was right in making that finding, as we believe it was, the judgment of the Appellate Division must be reversed. The plaintiff at a meeting of the parties contended that

she was entitled to receive from the defendant the sum of over $57,000, the value of her stocks at the date of the alleged conversion. The representative of the insurance company which insured defendant, who was present at the meeting, denied all liability on the part of the defendant and asserted that the stocks were converted by plaintiff's personal agent. The difference between the parties was a substantial one, as is evidenced by the fact that two trial courts have found on that issue in favor of the defendant, and the Appellate Division on the last appeal has found in favor of the plaintiff. The insurance company's representative, after discussion, offered to pay in settlement of the plaintiff's claim the value of the stocks at the date when plaintiff made her demand for their return. The plaintiff took four days to consider the proposition and then accepted the offer. She was paid $17,480, the agreed value of the stocks at the date of the demand and executed and delivered a release under seal. We are unable to find in the record any evidence that the settlement of the doubtful claim was induced by fraud. The accord and satisfaction was in all respects legal and binding on the plaintiff. (*Schuttinger* v. *Woodruff*, 259 N. Y. 212.)

Plaintiff's case rested almost entirely upon her own testimony. A case is, therefore, presented where the fact that two trial courts have found against her contention should be given weight. (*Boyd* v. *Boyd*, 252 N. Y. 422.)

As only a question of fact is presented for determination, it would serve no useful purpose to discuss the evidence in detail.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur; CRANE, Ch. J., taking no part.

Judgment accordingly.