KINGMAN HARDWARE COMPANY, Judgment Creditor, *v.* JAMES J. CONNORS, Judgment Debtor.

County Court, Columbia County, December 12, 1945.

*John N. McLaren* for judgment creditor.

*Michael Le Sawyer* for judgment debtor.

CONNOR, J. The judgment creditor above named, on the 20th day of March, 1926, obtained a judgment against the defendant in the sum of $214.08. Thereafter the judgment creditor appointed Thomas L. Gunning, the City Marshal of the City of Hudson, whose chief business is operating a collection agency, to act as his agent in the collection of the money. It is admitted that Gunning in writing, over his own name, agreed to accept $200 in full satisfaction of the above judgment.

It is also agreed that he was authorized to do this, and was acting as the agent of the judgment creditor. The judgment debtor paid, it is admitted, the $200, but the judgment creditor claims now to be able to recover the balance due which amounts to a sum considerably more than the original amount because of added costs and interest since 1926.

It is his contention that he is not bound by the agreement of Thomas L. Gunning to accept $200 in full satisfaction of the above judgment " because there was no consideration " for the paper which Gunning signed, and that the provisions of section 33-a of the Personal Property Law, as amended by chapter 588 of the Laws of 1944, is not binding upon him because this section does not use the word " judgment ". Subdivision 1 of section 33-a of the Personal Property Law reads as follows: " Executory accord as used in this section means an agreement embodying a promise express or implied to accept at some future time a stipulated performance in satisfaction or discharge in whole or in part of any present claim, cause of action, contract, obligation, or lease, or any mortgage or other security interest in personal or real property, and a promise express or implied to render such performance in satisfaction or in discharge of such claim, cause of action, contract, obligation, lease, mortgage or security interest."

While the word judgment is not used in the statute, and while the court has been unable to find any precedent in the decided cases of the State that hold that the above section applies to a judgment, it is the opinion of the court that a judgment is an obligation, and that judgments are covered by section 33-a of the Personal Property Law, and accordingly the motion to vacate the execution against the wages of the judgment debtor is granted, and the Sheriff of Columbia County is directed to return the execution satisfied, together with $10 costs.

Submit order.