■ JOHN L. KEOGH, Individually and as a Stockholder of Buffalo Turbine Agricultural Equipment Company, Inc., Suing on Behalf of Himself and All Other Stockholders Similarly Situated, Appellant, v. BUFFALO TURBINE CORPORATION et al., Respondents.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Equity Term adjudging that plaintiff failed to sustain his burden of proof as to lack of consideration or misrepresentation and directing judgment for defendants in a stockholder's action to rescind a contract.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.

■ VICTOR LEVINE, Respondent, v. ISADORE RAYMOND et al., Appellants. — Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Onondaga Special Term denying a motion by defendant Isadore Raymond to dismiss the complaint and by defendant Alice Raymond to strike out allegations in the complaint.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ E. C. BROWN COMPANY, Appellant, v. COUNTY OF ONTARIO et al., Respondents.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Ontario Supreme Court for defendants in an action for a declaratory judgment.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ In the Matter of the Estate of LILLIAN B. SEIDEL, Deceased. WILLIAM SEIDEL, Appellant. GARFIELD FUNERAL HOME, INC., Respondent.— Decree reversed on the law and facts and petition dismissed, with costs against the respondent. Memorandum: This is an appeal from a decree of the Onondaga Surrogate granting judgment against the executor for a balance of $72.92 for funeral expenses for decedent. A letter of the executor enclosing his check for $656.28 clearly indicated that it was his understanding that this amount was payment in full, as agreed upon in a telephone conversation between the parties, and contained the following sentence " In the event, that you have changed your mind, please return my check and I shall as executor be compelled to object to the bill". Notwithstanding these circumstances, and the further legend upon the check "in full payment Funeral Bill against the Lillian B. Seidel, estate or heirs & William Seidel as executor of said estate.", the claimant cashed the check and then demanded an alleged balance of $72.92. It is clear that prior to the transmission of the check there was a disagreement between the parties as to the amount of the funeral bill and thereafter an agreement to compromise the amount was reached. There were here present all of the elements of an accord and satisfaction. As was said in Schuttinger v. Woodruff (259 N. Y. 212, 216) " the tender of a sum, less than one representing a claim asserted but in good faith disputed, as a complete discharge of all indebtedness and its acceptance by the creditor under such conditions create premises from which the conclusion must follow that the creditor acquiesces in the amount offered. Such a tender and acceptance satisfies the doctrine of accord and satisfaction ". (Also, see: Hudson v. Yonkers Fruit Co., 258 N. Y. 168; Forster v. Manufacturers Trust Co., 267 N. Y. 371.) All concur. (Appeal from a decree of Onondaga Surrogate's Court adjudging that the executor pay a claim against the estate for funeral expenses.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.