Oscab Mhbov, J.
Defendant, a judgment debtor in the action, has caused an order to be served upon plaintiff to show cause why an order should not be made directing the plaintiff to execute and acknowledge a satisfaction piece of a judgment pursuant to CPLE 5020.
An action brought by the plaintiff was terminated in his favor and judgment was entered thereon in the sum of $689.40. Thereafter, defendant’s attorney, James Barry, while acting in his own behalf and in behalf óf a corporation wherein he served as president, sought to engage the services of the plaintiff in regard to an unrelated matter, but plaintiff refused to do business unless the indebtedness owed by defendant was fully paid. Thereafter, it was agreed to by Mr. Barry and the plaintiff that plaintiff would accept from the corporation payment in the amount of $600 in full satisfaction of the judgment against the defendant and that the parties would enter into a contract for certain construction work. It must be noted at this point that plaintiff was not represented by counsel during settlement negotiations although he had been represented by counsel through *1003 out the action. In the course of events, the corporation paid plaintiff the said $600 by check marked “ In full settlement of judgment vs. Hansel & G-retel Cottages, Inc.”, the check was cashed by plaintiff, and plaintiff undertook and completed the construction job and received and acknowledged receipt of full payment therefor, but plaintiff has refused to deliver a satisfaction piece to the defendant.
Counsel for plaintiff, Alan Kayton, in his opposing affidavit, urges that no accord and satisfaction has taken place since there was no colorable dispute, to wit; the amount of the claim in the judgment was not an unliquidated sum. He further argues that defendant should not be permitted to benefit from the settlement wrongfully obtained by Mr. Barry in communicating directly with a party he knows to be represented by a lawyer without obtaining the prior consent of the lawyer, in violation of the Code of Professional Responsibility (EC 7-18, DR 7-104).
It would appear from correspondence passing between the attorneys that an explanation of Mr. Barry’s acts was offered but found to be unacceptable to Mr. Kayton. Mr. Kayton’s letter dated October 4, 1972, admits Mr. Barry’s earlier involvement with plaintiff as a principal. Barry’s explanation that he met with plaintiff in such capacity when the settlement was effected is uncontroverted. It does appear plaintiff was satisfied with the sum given in settlement until Mr. Kayton called plaintiff’s attention to expenditures incurred but not considered by plaintiff at the time of settlement. Hence Mr. Barry’s explanation that the proposal (that the corporation make the payment on behalf of defendant) originated with the plaintiff does not defy credulity.
What then is the effect of payment of an amount less than that stated in a judgment as satisfying the judgment? The general rule applies that a liquidated and undisputed claim cannot be discharged by the payment of a lesser amount (see, e.g., Fuller v. Kemp, 138 N. Y. 231, 237; Nassoiy v. Tomlinson, 148 N. Y. 326, 329-330; Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 300-301; Schnell v. Perlmon, 238 N. Y. 362, 367; Schuitinger v. Woodruff, 259 N. Y. 212, 216; King Metal Prods. v. Workmen’s Compensation Bd., 20 A D 2d 565). An exception to the general rule is now provided by statute where there is an agreement in writing signed by the party to be charged therewith (General Obligations Law, § 15-501). Claims dis-chargeable pursuant to the instant statute, though not specifically referring to judgments, are deemed to include judgments (Kingman Hardware Co. v. Connors, 186 Misc. 90; Personal *1004 Property Law, § 33-a, repealed and superseded by General Obligations Law, §§ 19-101 and 15-501 respectively).
While stating the validity of the rule, generally, it was offered also in Nassoiy v. Tomlinson (148 N. Y. 326, supra), that in the absence of a signed agreement, some consideration which is new or collateral to the partial payment will operate as a defense to an action for the balance. The consideration here was payment by the corporation as full satisfaction of the judgment. “ Payment by a person other than the debtor is sufficient consideration for the acceptance by the creditor of a sum less than the amount of a liquidated claim, and is sufficient to effect an accord and satisfaction.” (1 N. Y. Jur., Accord and Satisfaction, § 26; see, also, Conkling v. King, 10 N. Y. 440; 41 ALR 1490.)
The effect of the accord and satisfaction is not impaired because the debtor’s attorney was instrumental in obtaining payment for the plaintiff (King Metal Prods. v. Workmen’s Compensation Bd., 20 A D 2d 565, supra). Payment was made by the corporation, not as a loan to defendant, but in furtherance of its own interests even though defendant benefited incidentally by discharge of his liability for the balance of the claim.
There is no showing in defendant’s papers of refusal by the plaintiff creditor to serve a satisfaction piece pursuant to a demand therefor served upon him by certified mail, return receipt requested. The court will not therefore treat defendant’s motion as an action to recover a $50 penalty for wrongful failure to execute and deliver the satisfaction piece (CPLE 5020, subd. [c], CPLE 7202).
Defendant has shown by his papers a sufficient ‘1 demand and refusal ” entitling him to an order of the court which directs the Clerk to enter satisfaction pursuant to CPLE 5021 (subd. [a], par. 2).
Accordingly, defendant’s motion shall be treated as requesting the relief afforded in CPLE 5021 (subd. [a], par. 2) and, as such, is hereby granted. The Clerk shall be directed to enter satisfaction of the subject judgment.