OPINION OF THE COURT
Sidney L. Mitchell, J.
Some nine days after plaintiff purchased his automobile, he was involved in an intersection collision with defendant.
Plaintiff testified as to the occurrence of the accident. Damages were established by two independent valuations. The first was the purchase price in the sum of $2,010.74. The second was defendant’s itemized appraisal of damages plus towing and storage charges in the sum of $319.28.
Prior to trial, the defendant transmitted a check in the sum of $2,010.74 offered in satisfaction of the claim, together with a letter admitting liability.
In cashing the check, plaintiff indorsed it conditionally with the words "partial payment.” He then commenced the suit to recover the amount in suit as the claimed full amount which is 100% of the claim.
Defendant rested without any offer of proof. Defendant then moved to dismiss as a matter of law by reason of accord and satisfaction.
The defendant asserts that the conditional indorsement was ineffective to preserve any right to an amount in excess of the amount accepted by plaintiff. Defendant further contended that plaintiff had split his cause of action and moved to dismiss on this ground.
*293 Defendant’s contention as to the splitting of a lawsuit is dismissed. There is nothing in evidence to support or justify defendant’s motion.
Accord and satisfaction is well established in the civil law of New York. It occurs where an amount is offered to settle a claim and is accepted by the payee. Where the debt is agreed upon, payment of said amount terminates the debtor-creditor relationship.
Where the amount is not liquidated but is for an amount less than claimed, the acceptance results in an accord and satisfaction barring any further recovery. (Simons v American Legion of Honor, 178 NY 263; Nassoiy v Tomlinson, 148 NY 326.)
UCC 1-207 reverses the common-law rule. It authorizes conditional indorsements as to all code-covered transactions. This section was thought to apply to commercial claims but not claims or obligations based on transactions outside of the code.
In the recent case of Horn Waterproofing Corp. v Bushwich Iron & Steel Co. (66 NY2d 321) a negotiable instrument is a code-covered instrument covered by UCC article 3. Such instruments fall within the protection of section 1-207 regardless of the nature of the underlying transaction. Thus a payee may preserve any claim he may have and seek an amount in excess of the accepted amount.
Here, a code-covered check was indorsed "partial payment.” By so indorsing, plaintiff preserved his right to seek redress for the disputed amount.
The proven amount in this case is the sum of $821.28. Judgment for plaintiff in the sum of $821.28.