*130 OPINION OF THE COURT
John A. Milano, J.
ISSUES
Under UCC 1-207 may a claimant possessing a cause of action for property damage founded in tort preserve his right to the balance of what the said claimant alleges is a disputed claim, by explicit reservation in his endorsement of a negotiable instrument, to wit, a check, tendered by the defendant in full settlement of all claims and thereby preclude a common-law accord and satisfaction? Does the fact that a check is used as the device to effect a settlement in and of itself bring the transaction within the Code thereby making section 1-207 applicable even if the underlying transaction was one not otherwise covered by the Code?
THE FACTS
Claimant seeks to recover additional money damages allegedly sustained to his automobile because of the negligence of the defendant on January 9, 1988. The Travelers Insurance Company, through its claim department prior to the commencement of this action and subsequent to the occurrence, had inspected the motor vehicle of the claimant and found a total of $2,104.62 including labor and parts. Without conceding or admitting liability, the said insurance company tendered an offer of settlement to the said claimant by check payable to his order, in the sum of $1,683.70 representing approximately 80% of the total damages found and endorsed the check "full settlement”. The claimant accepted the offer and deposited the check to his account but in so doing wrote on the back of the said check: "Endorsement of this check does not satisfy my claim-under protest.” Claimant’s estimate of damages including labor and parts totaled $2,268.74 which included an additional item not previously found by the said Travelers Insurance Company, to wit: "Straighten right side frame.” It was stipulated on the record that if there be judgment for the claimant on the law that this court would award him $468.03 in addition to the check payment already received. It was also agreed that if the defendant’s position on the law was sustained, then the complaint would be dismissed with prejudice, the claimant permitted to retain the previous check payment deposited to his account.
*131 ACCORD AND SATISFACTION UNDER THE COMMON LAW
Under the common law, in order for a settlement to be deemed an accord and satisfaction, there had to exist between the parties a genuine controversy concerning the amount due. An indispensable element contributing to the establishment of this defense consisted in an actual and substantial difference of opinion. Where there is such, the demand is regarded as unliquidated and the acceptance of a part and an agreement to cancel the entire debt furnished a new consideration, found in the compromise, which will support an accord and satisfaction. (Nassoiy v Tomlinson, 148 NY 326 [1896].) Thus acceptance, under such circumstances, by the seller, of a check tendered by the purchaser for a sum less than the amount claimed but for more than the amount admitted to be due, on the face of which were the words, "in full of all accounts to date”, constituted, therefore, an accord and satisfaction. (Schuttinger v Woodruff, 259 NY 212, 216 [1932].)
THE UNIFORM COMMERCIAL CODE
In 1962, the Uniform Commercial Code was enacted. (L 1962, ch 553, eff Sept. 27, 1964.) The action of the State Legislature and the Governor was of far-reaching importance not only because it constituted a comprehensive and general revision and recodification of New York’s commercial laws but a major step towards the enactment of a single, uniform body of commercial law throughout the United States. (See, Executive mem of Gov. Rockefeller, Apr. 18, 1962, 1962 McKinney’s Session Laws of NY, at 3637.)
Section 1-207 of the enacted Code, "Performance or Acceptance under Reservation of Rights”, states: "A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice’, 'under protest’ or the like are sufficient.” (L 1962, ch 553, eff Sept. 27, 1964.)
The purpose of this enacted statute was to permit a party involved in a Code-covered transaction to accept whatever he could get by way of payment, performance, etc., without losing his rights to demand the remainder of the goods, to set off a failure of quality or to sue for the balance of the payment, so long as he explicitly reserved his rights. In addition, the said enactment provided a specific measure on which a party could *132 rely as he made or concurred in any interim adjustment in the course of performance.

HORN CORP. v BUSHWICK IRON STEEL CO.

In October 1985, Judge Jasen, writing for the Court of Appeals in Horn Corp. v Bushwick Iron & Steel Co. (66 NY2d 321), stated that the appeal presented an issue of first impression: whether the common-law doctrine of accord and satisfaction had been superseded by operation of UCC 1-207 in situations involving the tender of a negotiable instrument in full payment of a disputed claim. In Horn Corp., the parties entered into an oral agreement whereby plaintiff was to repair the leaking roof on defendant’s building. After two days’ work, plaintiff concluded that a new roof was needed and submitted a bill for work already done. Defendant disputed the amount charged and plaintiff revised the bill downward from $1,241 to $1,080. Defendant remained unsatisfied with the charges and sent plaintiff a check for only $500. The check bore the following notation affixed on the reverse side: "This check is accepted in full payment, settlement, satisfaction, release and discharge of any and all claims and/or demands of whatsoever kind and nature.” Directly thereunder, plaintiff printed the words, "Under protest”, endorsed the check with its stamp, and deposited the $500 into its account. Plaintiff then commenced an action in Civil Court, Queens County, seeking $580 as the balance due on its revised bill. Defendant moved for summary judgment on the ground that plaintiff’s acceptance and negotiation of the check constituted an accord and satisfaction. The motion was denied and the Appellate Term affirmed, the court holding that the Uniform Commercial Code was applicable to the type of commercial transaction in which the parties were involved and that, under the provisions of section 1-207, plaintiff was entitled to reserve its right to demand the balance due. On appeal, the Appellate Division, Second Department, reversed, granted defendant’s motion and dismissed the complaint, the majority holding that the parties’ agreement being a contract for the performance of services, fell outside the scope of the Code (105 AD2d 684). The dissent of Justice Weinstein noted that application of the common-law doctrine to the facts of this case was inequitable and needlessly constricts the modernizing effect of the Code. The Court of Appeals reversed holding that under section 1-207 of the Code, a creditor may preserve his right to the balance of a disputed claim by explicit reservation in his *133 endorsement of a check tendered by the debtor as full payment. The courts that have addressed the issue in this State have rendered conflicting decisions and sister State courts are likewise divided. (See, 1 Squillante and Fonseca, The Law of Modern Commercial Practices, 1988 Cum Supp, § 2.2, "Accord and Satisfaction”, at 21, 22; "Full Payment Check”, at 23, 24; § 2:32, "Accord and Satisfaction, New”, at 53-57 [rev ed].)
But the Court of Appeals in Horn Corp. (66 NY2d 321, supra) has taken the position that in a "full payment” check situation, permitting a creditor to reserve his rights and thereby preclude an accord and satisfaction, more nearly comports with the content and context of the underlying purposes of the Uniform Commercial Code and is fairer policy in debtor-creditor relations. "Hence, the payment of a contract debt by check or other commercial paper and its acceptance by the creditor fall within the reach of section 1-207. Whether the underlying contract between the parties be for the purchase of goods, chattel paper or personal services, the use of a negotiable instrument for the purpose of payment or attempted satisfaction of a contract debt is explicitly and specifically regulated by the provisions of article 3 and, therefore, undeniably a Code-covered transaction. Consequently, a debt- or’s tender of a full payment check is an article 3 transaction which is governed by section 1-207, regardless of the nature of the contract underlying the parties’ commercial relationship.” (66 NY2d, at 330.) "By construing the section to permit a reservation of rights whenever a negotiable instrument is used to make payment on an existing debt, regardless of the nature of the underlying obligation between the parties, the commercial law of negotiable instruments is rendered more simple, clear and uniform.” (66 NY2d, at 331.)
THE CASES IN TORT
In 1983, prior to Horn Corp. (supra), the case of Cohen v Ricci (120 Misc 2d 712 [Mount Vernon City Ct]) involved a proceeding by the plaintiff for the recovery of a balance claimed to be owing for damages to a motor vehicle, allegedly caused by the negligent operation of the defendant Bruno’s automobile by the defendant Ricci. The court in Ricci found for the plaintiff, holding that the receipt and acceptance of the defendants’ check by the plaintiff "without prejudice” did not constitute an accord and satisfaction but conceded that there was nothing in the statute itself which provided or implied *134 that the change was applicable to any area of the law other than those Code-covered transactions, relying on the premise that the issuance of the full payment check in and of itself was sufficient to trigger section 1-207 and not the fact that each case may have had its beginning from a different source, on out of a contract and the other out of a tort. In November 1985, subsequent to Horn Corp. (supra), in the case of McCreedy v Lopera (130 Misc 2d 292 [Dist Ct, Suffolk County]) plaintiff sued for damages as a result of an automobile accident involving an intersection collision with the defendant. Damages were established by two independent valuations. Prior to trial, the defendant transmitted a check offered in full payment and satisfaction of the claim, together with a letter admitting liability. In cashing the check, plaintiff endorsed it conditionally the words, "partial payment.” He then commenced the suit to recover the disputed amount. On the authority of Horn Corp., the court found for the plaintiff.
ANALYSIS
The "stare decisis” of the Horn Corp. decision (supra) based on the specific factual presentation of the said case is that the policy embodied in section 1-207 favoring preservation of rights despite acceptance of partial satisfaction of the underlying obligation is extended to reach all commercial transactions in which the Code is implicated by reason of payment of a UCC article 3 negotiable instrument. Whether the Court of Appeals is prepared to extend the scope and legal effect of the Uniform Commercial Code (beyond the commercial parameters of contract debt and creditor-debtor relationship) to all transactions irrespective of whether they are founded in tort or otherwise is a question which this court respectfully defers to the high court for another time when it is presented with a factual situation involving a transaction other than the customary and standard commercial one.
But this court at this time is reluctant and not prepared to apply the decisional reasoning of Horn Corp. (supra) to the instant case and chooses to distinguish it for the following reasons. First, no creditor-debtor relationship arises or is created because of an automobile accident. Prior to the occurrence, there was no underlying obligation based on a contract debt between the plaintiff and the defendant. Nor is one created subsequently because the issues of negligence, duty, culpability, proximate causation and damages are yet to be *135 determined and resolved. Secondly, there was no admission of liability on the part of the defendant or his insurance carrier in regard to the damages arising out of said accident which would have created an underlying obligation and thus the offer of settlement accompanied by a check in full satisfaction and settlement of any and all claims thereof was only an offer of settlement under the circumstances and not an attempt to settle an existing debt. It was an offer to be rejected or accepted by the plaintiff. And although the purpose in tendering a full payment check in Horn Corp. as in this instant case was to effectuate a settlement, an underlying contractual obligation existed at that time in Horn Corp. for personal services previously rendered which is not the case here. No monetary obligation or debt of any kind can legally attach until the question of tort liability is determined. In Horn Corp., the plaintiff was owed "something”. In Clarke, the instant case, nothing was owed to the plaintiff prior to the occurrence and before the ultimate resolve if the offer of settlement was rejected. And it cannot be disputed that the tender was good and sufficient consideration.
Furthermore, in the commercial type transaction, the creditor accepts what he can get by way of partial payment on the debt, without losing his right to sue for the disputed balance. But here, there is no such analogous situation because if the plaintiff loses on the issue of liability, it is the defendant who inherits a cause of action for moneys had and received by the plaintiff and the plaintiff then is obligated to return the funds previously accepted. Finally, applying UCC 1-207 and precluding accord and satisfaction would discourage insurance companies from attempting to settle these types of cases. For all of the reasons hereinbefore expressed, this court is of the opinion that the Legislature never intended UCC 1-207 to apply to the factual situation presented in Clarke.
CONCLUSION
Accordingly, this court holds that the acceptance and deposit of the tendered check by John Clarke, the claimant herein, constituted an accord and satisfaction as a matter of law, irrespective of any conditional endorsements by the said claimant on the check and grants judgment for the defendant dismissing the complaint with prejudice.