Matter of American Tr. Ins. Co. v YSC Trinity Acupuncture, P.C. (2026 NY Slip Op 01054)

Matter of American Tr. Ins. Co. v YSC Trinity Acupuncture, P.C.

2026 NY Slip Op 01054

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-02481 
2024-04108
 (Index No. 502863/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
vYSC Trinity Acupuncture, P.C., etc., appellant.

Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for appellant.
Short & Billy, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award, YSC Trinity Acupuncture, P.C., appeals from two orders of the Supreme Court, Kings County (Rupert V. Barry, J.), both dated November 1, 2023. The first order, insofar as appealed from, denied that branch of the motion of YSC Trinity Acupuncture, P.C., which was to compel the petitioner to comply with an information subpoena and granted that branch of the petitioner's cross-motion which was pursuant to CPLR 2304 to quash the information subpoena. The second order, insofar as appealed from, granted that branch of the petitioner's motion which was to direct the entry of a satisfaction of judgment and denied the cross-motion of YSC Trinity Acupuncture, P.C., pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In 2022, the petitioner, American Transit Insurance Company (hereinafter American Transit), commenced this proceeding pursuant to CPLR article 75 to vacate a master arbitration award entered in favor of YSC Trinity Acupuncture, P.C. (hereinafter YSC), on YSC's claim for no-fault benefits. YSC cross-petitioned, inter alia, to confirm the master arbitration award. A proposed judgment was prepared, among other things, awarding YSC attorneys' fees, plus additional attorneys' fees "in the sum of 20% of the sum of principal and interest." In July 2022, American Transit paid YSC the sums owed. In a judgment dated November 22, 2022, the Supreme Court, inter alia, confirmed the master arbitration award and awarded YSC attorneys' fees in the sum of $1,000, plus additional attorneys' fees in the sum of 20% of the sum of principal and interest.
YSC served American Transit with an information subpoena. Thereafter, YSC moved, among other things, to compel American Transit to comply with the information subpoena. American Transit cross-moved, inter alia, pursuant to CPLR 2304 to quash the information subpoena. American Transit also moved, among other things, to direct the entry of a satisfaction of judgment. YSC cross-moved pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees. In an order dated November 1, 2023, the Supreme Court, inter alia, denied that [*2]branch of YSC's motion which was to compel American Transit to comply with the information subpoena and granted that branch of American Transit's cross-motion which was to quash the information subpoena. In a second order dated November 1, 2023, the court, among other things, granted that branch of American Transit's motion which was to direct the entry of a satisfaction of judgment and denied YSC's cross-motion pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees. YSC appeals from both orders.
The Supreme Court properly determined that American Transit issued payments satisfying the judgment and directed the entry of a satisfaction of judgment pursuant to CPLR 5021(a)(2) (see Breck Contr. Corp. v Vecchione, 73 Misc 2d 1002, 1004 [Suffolk Dist Ct, 2d Dist]). Since the judgment was satisfied, YSC was not entitled to any additional discovery (see CPLR 5223).
The Supreme Court did not improvidently exercise its discretion in granting that branch of American Transit's cross-motion which was pursuant to CPLR 2304 to quash the information subpoena. "An application to quash a subpoena should be granted only where the futility of the process to uncover anything legitimate is inevitable or obvious . . . or where the information sought is utterly irrelevant to any proper inquiry" (Matter of Kapon v Koch, 23 NY3d 32, 38 [alterations and internal quotation marks omitted]; see Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332; 8206 N. Blvd, LLC v Ai Qiu Qu, 232 AD3d 833, 834). Here, American Transit established that the judgment had been satisfied and, as such, there was no reason for postjudgment discovery in an effort to collect the judgment. Moreover, the requested information in the information subpoena was irrelevant, and the information subpoena was served to harass American Transit.
The Supreme Court properly denied YSC's cross-motion pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees. The general rule is that in proceedings involving arbitration, as in other litigation, attorneys' fees are not recoverable unless provided for by agreement or statute (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705; Myron Assoc. v Obstfeld, 224 AD2d 504). "Pursuant to Insurance Law § 5106(a), if a valid claim or portion of a claim for no-fault benefits is overdue, the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations" (Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 705 [internal quotation marks omitted]; see American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 239 AD3d 1, 15). YSC was not entitled to an award of attorneys' fees for its postjudgment motion practice, as no claim or portion of a claim for no-fault benefits was overdue.
YSC's remaining contentions are without merit.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court