Matter of American Tr. Ins. Co. v MTS Acupuncture, P.C. (2026 NY Slip Op 01053)

Matter of American Tr. Ins. Co. v MTS Acupuncture, P.C.

2026 NY Slip Op 01053

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-06668
 (Index No. 536898/22)

[*1]In the Matter of American Transit Insurance Company, respondent, 
vMTS Acupuncture, P.C., etc., appellant.

Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for appellant.
Larkin Farrell, LLC, New York, NY (William Larkin and Melissa A. Marano of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm a master arbitration award, MTS Acupuncture, P.C., appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated July 3, 2024. The order, insofar as appealed from, granted that branch of the petitioner's motion which was to direct the entry of a satisfaction of judgment, denied, as academic, those branches of the motion of MTS Acupuncture, P.C., which were to compel the petitioner to comply with an information subpoena, to impose a $50 fine against the petitioner, and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees, and denied, as academic, that branch of the petitioner's cross-motion which was pursuant to CPLR 2304 to quash the information subpoena.
ORDERED that the appeal from so much of the order as denied, as academic, that branch of the petitioner's cross-motion which was pursuant to CPLR 2304 to quash the information subpoena is dismissed, as MTS Acupuncture, P.C., is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof denying, as academic, that branch of the motion of MTS Acupuncture, P.C., which was pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees, and substituting therefor a provision denying that branch of the motion on the merits; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that with one bill of costs is awarded to the petitioner.
In 2022, the petitioner, American Transit Insurance Company (hereinafter American Transit), commenced this proceeding pursuant to CPLR article 75 to vacate a master arbitration award entered in favor of MTS Acupuncture, P.C. (hereinafter MTS), for no-fault benefits. MTS cross-petitioned, inter alia, to confirm the master arbitration award. In a judgment dated March 21, 2023, the Supreme Court, among other things, confirmed the master arbitration award and awarded MTS attorneys' fees. In April and May 2023, American Transit paid the sums owed.
Thereafter, MTS served American Transit with an information subpoena. MTS moved, inter alia, to compel American Transit to comply with the information subpoena, to impose a $50 fine against American Transit, and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees. American Transit cross-moved, among other things, pursuant to CPLR 2304 to quash the information subpoena. American Transit also moved, inter alia, to direct the entry of a satisfaction of judgment. In an order dated July 3, 2024, the Supreme Court, among other things, granted that branch of American Transit's motion which was to direct the entry of a satisfaction of judgment, denied, as academic, those branches of MTS's motion which were to compel American Transit to comply with the information subpoena, to impose a $50 fine against American Transit, and pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees, and denied, as academic, that branch of American Transit's cross-motion which was pursuant to CPLR 2304 to quash the information subpoena. MTS appeals.
The Supreme Court properly determined that American Transit issued payments satisfying the judgment and directed the entry of a satisfaction of judgment pursuant to CPLR 5021(a)(2) (see Breck Contr. Corp. v Vecchione, 73 Misc 2d 1002, 1004 [Suffolk Dist Ct, 2d Dist]). Since the judgment was satisfied, MTS was not entitled to any additional discovery (see CPLR 5223). Moreover, the court properly denied, as academic, those branches of MTS's motion which were to compel American Transit to comply with the information subpoena and to impose a $50 fine against American Transit.
However, the Supreme Court should have denied that branch of MTS's motion which was pursuant to 11 NYCRR 65-4.10(j)(4) for an award of additional attorneys' fees on the merits, not as academic. The general rule is that in proceedings involving arbitration, as in other litigation, attorneys' fees are not recoverable unless provided for by agreement or statute (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 705; Myron Assoc. v Obstfeld, 224 AD2d 504). "Pursuant to Insurance Law § 5106 (a), if a valid claim or portion of a claim for no-fault benefits is overdue, the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations" (Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d at 705 [internal quotation marks omitted]; see American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 239 AD3d 1, 15). MTS was not entitled to an award of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) for its postjudgment motion practice, as no claim or portion of a claim for no-fault benefits was overdue.
MTS's remaining contentions are without merit.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court