## CALEDONIA COUNTY.

### MARCH TERM, 1834.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
    "   STEPHEN ROYCE,       ⎫
    "   JACOB COLLAMER,   ⎬ *Assistant Justices.*
    "   JOHN MATTOCKS,     ⎭

GEORGE B. SHAW *vs.* SAMUEL CLARK.

CALEDONIA,
*March,*
1834.

Where W. was employed by C. to go to the creditor and purchase of him a judgment debt against C for less than its amount, and C. furnished W. the money, who purchased without disclosing to the creditor that he was agent for the debtor, this operated but as *part payment* of said debt by C.

This was an action of debt on judgment. Pleas, 1st, Payment—2d, That Leighton, who really owned the debt, sold it to one J. Weeks, who discharged the defendant therefrom. Issues joined.

On trial, it was admitted, that Leighton was the owner of this judgment debt. The defendant introduced evidence to prove, that J. Weeks sent S. Weeks with five dollars to purchase this debt, and Leighton understanding the purchase was for J. Weeks, agreed to sell the same for the five dollars, (which was afterwards paid him by S. Weeks,) and gave order on B. F. Deming, Esq. for the execution.

The plaintiff introduced testimony to prove, that the five dollars was furnished J. Weeks by the defendant for this purpose, and that he acted in this business for the defendant's benefit, and at his request, and before the commencement of this suit, Leighton had offered back the five dollars, which was refused.

The court charged the jury, if they should find from the evidence that J. Weeks used the funds of the defendant at his request, and acted as his agent in buying the judgment, and

CALEDONIA,
March,
1834.

Shaw
vs.
Clark,

that those facts were unknown to Leighton, the transaction would amount to nothing more than a part payment of the judgment, and they ought to find in that case for the plaintiff to recover the balance.

Exceptions were filed to this charge; and after verdict and judgment for the plaintiff, the cause was passed to this court.

*Cahoon for defendant*, insisted, 1st, That the sale to Weeks vested the debt in him, and he had the right to discharge the defendant.

2d, That an agreement to receive part of a debt, may, under certain circumstances, operate as a discharge.—1 B. & C. 481.—2 Saund. Plea. and Ev. 233.—*Henderson* vs. *Moor*, 5 Cranch, 11.—3 Peters. Cond. Rep. 172.

*Fletcher for plaintiff.*—1st. The purchase by Weeks, supposing the fact that the money was furnished by the defendant, was a fraud on the creditor, and void.

2d. The payment of part of a debt cannot be paymant or satisfaction in full.—1 Chitty on Con. 279.—Coke R. 182, *Pynnel's* case.—5 East. 230, *Fitch* vs. *Sutton.*—17 John. R. 174, *Seymour* vs. *Minturn.*

*Davis, in reply.*—When a part is paid for the whole debt debt *by a third person*, it is a discharge of all.

The opinion of the court was delivered by

COLLAMER, J.—The first question is, was the furnishing the money by the debtor, and procuring therewith a purchase of his debt, in the name and by the agency of a third person, such a fraud on the creditor as rendered the sale void. Without taking much time with this question, it at least is obvious that when a debtor furnishes the funds to a third person in his own name, to buy up the debts at a discount, it is so far fraudulent as would render the sale *voidable*, if the creditor chose to avoid it, as he did in this case, and offered to return the money.

This is not, however, the view on which we place this case. As the sum paid was really the money of the debtor, and paid over by his agent, it is the same as if paid by himself. This presents the main question in the case, to wit: is a payment of a part of a debt then due by the debtor, any satisfaction of the of the whole, even if so received by the creditor? This ques-

tion is to be decided unembarrassed with any question of estoppel or technical release.

This question has been long and repeatedly and fully decided.—(See Chitty on Con. 277, 287, and the authorities there collected.) This is otherwise, if the money was paid before the debt was due, or if paid by a third person out of his own money, ; for it would be a fraud on such third person for the creditor to collect the whole debt. So too is the case of receiving part in full satisfaction on a composition deed. The case (*Lewis* vs. *Jones*, 4 Barn. & Cress. 506) cited by the defendant, is precisely on this ground. The security taken for the balance was a fraud on others. A *dictum* is found from Hobroyd, J., (2 Barn. & Cress., transcribed into 2 Sand. Plea. & Ev. 233,) that under certain circumstances the balance might be holden a gift to the debtor. This, if law, could not apply to this case, for the creditor was kept in ignorance that the debt was to be given up to the defendant.

Judgment affirmed.