J. T. DICKERSON, *Plaintiff in Error,* v. A. S. CAMPBELL AND ISAAC M. LANIER, *Defendants in Error.*

1. Where a judgment debtor furnishes money to a third person to buy up the judgment, and he does so at less than its face value, the creditor not knowing the facts, it amounts to a part payment only of the judgment.

2. A plea to a *scire facias* to revive a judgment, alleging that B, an agent of the judgment debtor, purchased, with money furnished by said debtor, the judgment for an amount far less than its face value, is not good as a plea in bar, but tends at most to plead a payment *pro tanto*.

This case was decided by Division B.

Writ of error to the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*L. G. Starbuck* for the plaintiff in error.

No appearance for the defendant in error.

COCKRELL, J.—To a *scire facias* to revive a joint judgment for $830.34 obtained by the Receiver of the First National Bank of Orlando against the defendants in error and assigned to the plaintiff in *scire facias,* Isaac M. Lanier pleaded that the said judgment had been assigned under seal to one John M. Lee for the sum of $211.65, and that said Lee's assignment was recorded in Osceola county, and since the beginning of the *scire facias* proceedings the judgment had been marked satisfied of record in Orange county by the said Lee; that at the time of said assignment Lanier was a judgment debtor to a large amount and "employed and appointed said Lee as his agent to negotiate for the purchase and assignment in his name, but as agent of said defendant, of all said judgments; that thereupon said Lee purchased all of said judgments, including judgment claimed by plaintiff in this case, with money furnished by the defendant and as his agent; that at the time of the assignment of said judgment to the plaintiff Dickerson, the bank or its receiver had no title therein, having previously sold the same to defendant's agent Lee; that Dickerson had no title to said judgment for the reason that at

the time of selling the same to said plaintiff, the First National Bank by its Receiver expressly stated that he did not make any warranty to the title to said judgment, but only sold his right, title and interest; wherefore he denies that said Dickerson was entitled to the issuing of execution, and prays to be dismissed with his costs." A demurrer to said plea was overruled and the petition dismissed at plaintiff's costs, whereupon he prosecutes this writ of error.

The debt here was liquidated, had passed into a judgment from which no appeal was taken nor contemplated at the time of the alleged assignment so far as herein appears. The agent of the judgment debtor, with money supplied by the latter, secured an assignment from the judgment creditor without knowledge of such agency, and for a sum far below the face value of the judgment. No new or other consideration sufficient in law is set up for the surrender of this large balance of the liquidated judgment debt and the transaction must therefore be treated as a partial payment by the debtor on account of said judgment. This doctrine, while not actually decided by this court, has been recognized as the law in at least two cases. See *Spann v. Baltzell*, 1 Fla. 301, text 315, and *Sanford v. Abrams*, 24 Fla. 181, 2 South. Rep. 373. Where exceptions to the rule were made because the original demands were unliquidated or some other consideration existed. A case very similar in its facts to the one before us is that of *Shaw v. Clark*, 6 Vt. 507, S. C. 27 Am. Dec. 578. It was there decided that where a judgment debtor furnishes money to a third person to buy up the judgment, and he does so, the creditor not knowing the facts, it amounts to a part payment only and that part payment of a debt by a debtor does not satisfy the whole, even if so received by the creditor.

The plea should have been treated as a plea of payment *pro tanto* only. See 1 Cyc. p. 319 and cases cited.

This disposition of the case renders it unnecessary to consider the other questions sought to be raised here.

The judgment will be reversed and the cause remanded for further proceedings ' in accordance with law and this opinion.

CARTER, P. J., and MAXWELL, J., concur.

TAYLOR, C. J., and SHACKLEFORD and HOCKER, JJ., concur in the opinion.