J. NUMA JORDY, *Plaintiff in Error, v.* E. C. MAXWELL, *Defendant in Error.*

1. Acceptance of a lesser sum from a solvent debtor than the sum admittedly due is not a satisfaction of the balance due.

2. Payment in the form of a Cashier's check upon which is written "Full and complete settlement" is but payment *pro tanto* of a larger debt admittedly due.

This case was decided by Division A.

Writ of error to the Court of Record for Escambia County.

The facts in the case are stated in the opinion of the court.

*J. Numa Jordy, in pro per.;*

*E. C. Maxwell, in pro per.*

COCKRELL, J.—Maxwell recovered judgment against Jordy for the balance due upon an agreed attorney's fee. The defense sought to be interposed was in the nature of an accord and satisfaction by the acceptance of a lesser amount in full settlement of the claim.

It appears that the fee agreed upon was a percentage of the amount to be recovered by Jordy in an action in the Federal Court against the J. J. McCaskill Company. Judge Maxwell succeeded in securing a verdict for the full amount claimed, but pending the consideration by the court a compromise was in negotiation between the parties and Jordy asked his attorney if he would reduce the fee, which suggestion was promptly refused. Thereafter the case having been compromised, Maxwell demanded payment of his fee, being the agreed percentage of the compromise settlement. Jordy then wrote Maxwell, enclosing check for a lesser amount, upon which was written "Full and complete settlement of fee in Jordy v. McCaskill." The check was cashed by Maxwell, who

promptly demanded the balance due and upon this not being done brought this action.

Whatever the holding of other courts, whether influenced by statutes or not, this court is committed to the doctrine that the acceptance of a lesser sum from a solvent debtor than that admittedly then and there due, is not an accord and satisfaction of the entire indebtedness. There must be some fact or circumstance, some gain to the creditor or inconvenience to the debtor, to create a consideration for the release. See Spann v. Baltzell, 1 Fla. 301, text 315; Sanford v. Abrams, 24 Fla. 181, 2 South. Rep. 373; Dickerson v. Campbell, 47 Fla. 147, 35 South. Rep. 986.

There is nothing in the fact that the partial payment was made through the form of a cashier's check. This is but one of the numerous agencies through which most of our payments between persons living in different localities are made, and is in a sense but a medium of exchange, and when accepted of no higher dignity than a payment in specie.

The judgment is affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.