Cortland A. Johnson, J.
In this action plaintiff seeks to recover $10 per week for the past 16 years representing the difference between the $30 per week due under a separation agreement between the parties and the $20 per week defendant has actually paid for that period, for the support and maintenance of the plaintiff and the infant issue of the marriage.
The Statute of Limitations is pleaded and unquestionably it is valid for all but the six years immediately before suit, so actually the amount involved is $10 per week for six years, with the appropriate interest.
In January, 1942 plaintiff sued the defendant in the Municipal Court, Queens County, to recover $120 due under the separation agreement for four weeks at $30 per week. There were a number of defenses pleaded, some of which related to the agreement and others that appear to have no relation to the agreement whatever. In the first category would fall the defense that plaintiff had breached the agreement by going to live in Rockville Centre since she was required by it to reside 11 within the Metropolitan area of the City of New York ”. In the latter category would fall such defenses as (b) the plaintiff had breached the agreement by going to live with her mother, (c) by living in a flat where the toilet facilities were used in common with other tenants, (d) that it was definitely understood that the alimony would be cut to $20 per week if plaintiff went to live with her mother. We search in vain the separation agreement to find any justification for these alleged defenses. Nevertheless parol evidence was taken at the Municipal Court trial on all these latter issues to vary the terms of the written agreement, although in these respects the agreement was clear and unambiguous, neither calling for nor permitting oral testimony to contradict it.
On the issue of what was meant by the phrase “ the Metropolitan area of the City of New York ” we are in a different area. Here we have an expression which is of dubious meaning on its face. On the evidence adduced before me, if the question is still open I am persuaded that the plaintiff’s version is correct and that a residence in Rockville Centre was within the *526 contemplation of the parties. I think the question is still open since there was no opinion either in the Municipal Court or in the Appellate Term on the affirmance.
Therefore, it is impossible to determine what issue was decided against the plaintiff. In other words, there is no such measure of identity between the causes of action, that a different judgment in the second would destroy or impair rights or interests established in the first. (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304.)
We have here a continuing contract calling for a variety of things. If the Municipal Court decided in 1942 that plaintiff could not recover the payments because she had deprived the defendant of visitation rights, it certainly furnishes no basis for concluding that she has continued to do so down through the years up to the present time.
On the factual issues presented by the present pleadings, I find against the defendant. He has shown no fatherly interest or affection for his son, or made any effort to take part in his training, and to complain now that this 17-year-old boy has had religious training that he does not approve of is somewhat ironic.
Therefore, I do not sustain the defense of res judicata and pass now to the next defense of accord and satisfaction.
Each of the checks given to the plaintiff was indorsed “ Payment in full ” and the weeks to which it applied were specified.
It is elementary law that there can be no accord and satisfaction of a liquidated and undisputed sum by simply paying less than is due and indorsing the check payment in full. (1 Willis-ton on Contracts [rev. ed.], § 120, p. 416.)
There might have been a difference of opinion as to whether defendant was being accorded his visitation rights and even as to whether plaintiff was within her rights in residing in Rock-ville Centre, although it may be observed parenthetically that defendant made no issue of this until after he had had a violent scene with his motherrin-law, but there never was any legitimate dispute about the amount of the weekly payments called for by the agreement.
The defendant did not settle any dispute about custody or where plaintiff might live by agreeing with her to change the agreement in that respect and also by paying a lesser weekly sum thereafter. He simply “ in invitum ” started sending her a lesser sum. The dispute, if any, was left unresolved. The duty to support his wife and child was a continuing duty which the law imposed on the defendant. Without the protection of this agreement he could be held responsible for the cost of sup *527 port. He cannot pay less than the agreement called for and then claim a full discharge.
This case is a stronger case for the plaintiff than Rehill v. Rehill (306 N. Y. 126). There the defendant paid $100 per month to discharge an agreement calling for $200 per month alimony, claiming a subsequent oral agreement for the reduced amount. It was held that since the amount was liquidated, paying less than the full amount furnished no consideration to support the agreement. The court did not consider the dispute about the manner of caring for the children as a basis for reducing the amount due. Here the defendant claims a prior oral agreement to pay less than called for by the writing. Thus he has the parol evidence rule as an additional hurdle before he can show any bona fide dispute on the amount.
As to the remaining defenses which I may briefly summarize as “ breach defenses ”, there is nothing in the record to support them. It is true defendant has not had the child on alternate weekends since the child became seven years of age nor for one month during the summer vacation, but then it is also true that defendant has not come near the plaintiff to request any of these rights.
Judgment for plaintiff for amount indicated, namely, $3,120, with appropriate interest.
Settle judgment on notice.