PEARSON, Judge.
Plaintiff, appellant herein, filed its complaint in the trial court to recover $9,234.-11, which amount represented interest paid to appellee, the payment of which it was alleged appellee had orally agreed to waive and did not waive. The appeal is from a summary judgment for the defendant-ap-pellee. The pleadings, depositions on file and affidavits show certain issues of fact. However, those issues were not material to a determination of the cause. Even resolving those issues of fact in plaintiff’s favor, the defendant would still be entitled to the judgment as a matter of law.
The factual background was briefly that the plaintiff owed the defendant a debt evidenced by a note and secured by a mortgage upon the Casa Marina Hotel in Key West, Florida.. The plaintiff, desirous of completing a proposed sale of the hotel, suggested to the defendant that she accept a prepayment of the principal amount of the debt and waive the interest which had accrued or would accrue up to the time of the sale. The plaintiff averred that the defendant orally agreed to the proposal. The defendant upon the other hand stated in her deposition that she agreed provided her attorney should approve. It is certain that the defendant did not perform the alleged agreement to waive the interest. However, after her attorney had failed to approve the proposal, the plaintiff alleges that an oral promise was made by the defendant, to the effect that if the plaintiff would pay the principal and the interest she would refund to him the interest at a later date. It is also certain that the de *206 fendant did not perform the alleged second agreement and that the plaintiff prepaid its note and the accrued interest as it was entitled to do by the terms thereof.[1]
It was for the recovery of the interest paid that the plaintiff brought suit.
The controlling question is whether payment before maturity of a debt is a sufficient consideration for a promise to return interest paid contemporaneously with the prepayment. It will be observed that this question presupposes that the plaintiff would prevail in its version of any controverted fact. The trial judge held that the promise to refund was unenforceable because it was without consideration. The appellant urges the payment of the principal in advance of the due date as a consideration for the promise to refund the interest. This position cannot in logic be sustained because the plan for prepayment involved an advantage to the appellant in carrying out its plan to sell the hotel- and a- loss to the appellee. That there can be no indebtedness without a legal consideration is such a fundamental principle that citation-of authority’ is unnecessary.
Although not in point upon the facts the language of Mr. Justice Cockerell in Jordy v. Maxwell, 62 Fla. 236, 56 So. 946, is an indication of what constitutes consideration in cases where the payment of a debt is to support a new agreement.
“Whatever the holding of other courts, whether influenced by statutes or not, this court is committed to the doctrine that the acceptance of a lesser sum from a solvent debtor than that admittedly then and there due is not an accord and satisfaction of the entire indebtedness. There must be some fact or circumstance, some gain to the creditor or inconvenience to the debtor, to create a consideration for the release. See Spann v. Baltzell, 1 Fla. 301, text 315, 46 Am.Dec. 346; Sanford v. Abrams, 24 Fla. 181, 2 South. 373; Dickerson v. Campbell, 47 Fla. 147, 35 South. 986, 110 Am.St. Rep. 116.” (Emphasis supplied.)
It affirmatively appears that the acceleration in time of maturity was not bargained for by the defendant but was merely for the plaintiff’s own convenience. See 6 Corbin, Contracts, § 1282, n. 38 (1951). Plaintiff wished to secure a satisfaction of defendant’s mortgage prior to closing its proposed sale of the hotel, which meant prior to the maturity date of the mortgage.
The appellant contends that Spann v. Baltzell, 1 Fla. 301, is controlling of our case. In that case the Supreme Court of Florida stated as obiter dictum that an agreement between an endorser and one entitled to payment of a note, by which the endorser promised to pay the note at maturity, and the one entitled to payment, in consideration' thereof, agreed to receive payment in depreciated notes would be a substituted agreement founded upon good consideration. Such a case would be distinguished from the case now before us in the fact that the court found an advantage to the one entitled to payment in that the certainty of payment changed the contingent and conditional liability of the endorser to an absolute and certain one. In the instant case the liability of the plaintiff for the payment of the principal and the interest remained after the alleged promise as before. The only way in which plaintiff could legally secure a satisfaction of defendant’s mortgage was to pay to the defendant the principal balance of the mortgage plus the accrued interest up to the date of the payment, which plaintiff had a right to do under the provisions of the mortgage note. There was no gain to the creditor-defendant and the convenience was for the debtor-plaintiff. Therefore the alleged promise to refund interest after *207 payment would be unenforceable for lack of consideration.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.

. Tlio extension agreement of the original note contained the following provision: “The First Party reserves the right to prepay all or any part of the principal or interest at any time without notice and without penalty.”