■ In the Matter of KING METAL PRODUCTS, INC., Appellant, v. WORKMEN'S COMPENSATION BOARD, Respondent.— In a special proceeding by King Metal Products, Inc., as petitioner, to discharge of record a judgment against it in favor of the respondent Workmen's Compensation Board, and for other relief, the petitioner appeals from an order of the Supreme Court, Kings County, entered November 10, 1961, which denied its application and directed it to appear for examination in a companion proceeding supplementary to such judgment (see 29 Misc 2d 742). Order affirmed, with $10 costs and disbursements. The examination as directed by the order shall proceed on 10 days' written notice or at such other time and place as the parties may mutually agree by written stipulation. In our opinion, respondent's retention and deposit of a check in the sum of $250, drawn by petitioner's attorney to its order and bearing legends on the face and back thereof indicating that it was in full satisfaction and settlement of the judgment, did not constitute an accord and satisfaction. On the record presented, the general rule applies that a liquidated and undisputed claim cannot be discharged by the payment of a lesser amount (see, e.g., *Fuller* v. *Kemp*, 138 N. Y. 231, 237; *Nassoiy* v. *Tomlinson*, 148 N. Y.

326, 329–330; *Eames Vacuum Brake Co.* v. *Prosser,* 157 N. Y. 289, 300–301; *Schnell* v. *Perlmon,* 238 N. Y. 362, 367; *Schuttinger* v. *Woodruff,* 259 N. Y. 212, 216; *Kominos* v. *Kominos,* 12 Misc 2d 524, affd. 9 A D 2d 938). We are also of the opinion that the indorsement of the check did not constitute either an agreement which was enforcible under section 33 of the Personal Property Law or a release which was valid under section 243 of the Debtor and Creditor Law (cf. *Pape* v. *Rudolph Bros.,* 257 App. Div. 1032, affd. 282 N. Y. 692; *Brown* v. *Bendix Aviation Corp.,* 76 N. Y. S. 2d 422, affd. 274 App. Div. 1049). Nor, in our opinion, was the issuance of the check by petitioner's attorney such a payment by a third person as would constitute consideration for the acceptance by respondent of a sum less than the amount of its liquidated and undisputed claim (cf. *Shaw* v. *Clark,* 6 Vt. 507; *Specialty Glass Co.* v. *Daley,* 172 Mass. 460). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.