PEARSON, Chief Judge.
This cause began when the appellee filed a complaint seeking a judgment upon a promissory note. Appellant and one Johnson signed the note at the time of the *864 closing of their purchase of appellee’s motel. The appellant answered setting forth the defense of failure of consideration for the note and filed a counterclaim seeking damages for an allegedly wilful and wanton misrepresentation in the procurement of the appellant and Johnson as the purchasers of the motel. At the conclusion of a non-jury trial the court: (1) entered judgment for the appellee for the amount of the note, with interest and attorney’s fees; (2) entered judgment for the appellee for an additional amount of $1010.76 claimed for appellant’s failure to keep the motel’s utility and other deposits intact; (3) found for the appellee upon appellant’s counterclaim.
Appellant and Johnson purchased the motel from the appellee. By arrangements between the parties the appellant and Johnson were placed in possession of the motel 32 days prior to the closing. The motel was in a precarious financial condition, and it is apparent from the closing statement and the evidence at the trial that appellant and Johnson were in fact purchasing a slim equity. The motel property was encumbered by two mortgages.
At the time of closing, appellant and Johnson were required to execute a note to the appellee in the amount of $7,441.51. This note is the basis of appellee’s complaint. The amount of the note is identical with the amount of an escrow deposit which was held to the credit of the appellee-seller by the savings and loan institution which held the first mortgage on the motel. The motel was lost by foreclosure of the second mortgage 18 days after the closing.
A review of the evidence before the trial court convinces us that he has misapprehended the legal effect of the uncontroverted evidence upon appellant’s affirmative defense of failure of consideration. It appears without contradiction that soon after receiving the note for the amount of the escrow deposit the appellee through his attorney wrote the appropriate savings and loan institution that appellee had not transferred the right to the escrow account. The effect of this notification was to deprive appellant of any beneficial ownership in the escrow account. Under these circumstances it affirmatively appears that there was a total failure of consideration for the note. Cf. Casa Marina Hotel Company v. Barnes, Fla.App.1958, 105 So.2d 204.
Appellant’s points directed to the court’s failure to find for the appellant upon his counterclaim are not well taken. It appears that appellant had an adequate opportunity to introduce evidence in support of his counterclaim and that he failed to do so. Under these circumstances no error appears in the finding of the trial court upon the counterclaim.
Appellant presents two additional points directed to the portion of the judgment which found that he was liable for the $1010.76 which arose from the depletion of utility and other deposits paid by appellee. He urges first that this claim, which was added by amendment after the filing- of the answer, was not properly before the court. The facts alleged in the counterclaim were a part of the same transaction which resulted in the signing of the note which was first sued upon. The connection between the two claims was clearly demonstrated by appellant’s answer to the original complaint which set forth the circumstances under which the note was given. Since the subject matter was before the trial court, it was not error to allow the amendment and to proceed with the trial upon the amended complaint without new service upon the appellant. See McNayr v. Cranbrook Investments, Inc., Fla.1963, 158 So.2d 129, 131.
Appellant’s remaining point directed to that portion of the judgment based upon the depletion of security deposits challenges the sufficiency of the evidence to support the judgment. Without further discussing the evidence, it is sufficient to say that our review of the record shows the evidence to be sufficient. Appellant *865 has presented two additional points which claim procedural errors. We find that no reversible error has been demonstrated under these points.
The judgment for the amount of the note ($7,441.51), together with interest and the attorney’s fees, is reversed and the cause remanded with directions to enter an amended judgment for the appellee for $1010.76 and court costs.
Affirmed in part, reversed in part, and remanded with directions.