480 P.2d 131

**PHILLIPS PETROLEUM COMPANY,
Plaintiff and Respondent,**

v.

**Herbert A. HART and Mrs. Herbert A. Hart,
his wife, Defendants and Appellants.**

**No. 12101.**

Supreme Court of Utah.

Jan. 26, 1971.

4. Christensen v. Christensen, 9 Utah 2d 292, 339 P.2d 101.

Sumner J. Hatch, L. E. Richardson of Hatch, McRae & Richardson, Salt Lake City, for defendants-appellants.

Golden W. Robbins, Salt Lake City, for plaintiff-respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action, seeking reimbursement, as provided by the terms of its contract with defendants, for certain real property taxes that plaintiff had paid for the years of 1963 through 1966. After a trial upon the merits, judgment was awarded to plaintiff; defendants appeal therefrom.

In August of 1963, the parties entered into a contract for a deed, whereby defendants agreed to pay plaintiff $15,500 for a parcel of property situated in Salt Lake City, Utah. Defendants were to pay the balance of the purchase price in monthly installments, together with interest at the rate of 6% per annum on the declining balance. Defendants had the right to pay the entire balance of the purchase price

at any time without penalty. The contract further provided:

Buyer * * * shall keep all taxes paid and shall not allow any liens to accrue on any part of said premises. * * * In the event of failure of buyer to discharge any of the obligations set forth in this paragraph Phillips may, at its option, cure said defect and Buyer shall promptly reimburse Phillips therefor, together with interest at the rate of 6% per annum from date of payment until such reimbursement, * * *.

Defendants concede that they took possession of the property but failed to pay the taxes. Sometime in February of 1967, defendants had an opportunity to sell the property; they contacted plaintiff's agent, a Mr. Wirick, and requested the exact payoff figure under the contract. Mr. Wirick checked the amortization schedule on the contract and responded in accordance therewith. Defendants paid this balance and received a special warranty deed, dated March 8, 1967.

Subsequently, Mr. Wirick realized that he he had failed to include the real property taxes, which had been paid by plaintiff, when he gave defendants the payoff figure. Plaintiff sent defendants a series of letters, itemizing the taxes it had paid each year and demanding reimbursement. Defendants responded, through counsel, that they did not disagree with the figures but with the reasoning. Defendants asserted

that when they requested and received a payoff figure, which they paid, and in turn received a deed, there was an accord and satisfaction.

On appeal, defendants contend that there was no competent, admissible evidence to sustain the findings of the trial court that plaintiff had paid the taxes and the amounts itemized therein. Defendants argue that Mr. Wirick's testimony that plaintiff had paid the taxes was hearsay, for plaintiff's ledger sheets were kept in Denver, and Mr. Wirick had no personal knowledge whether the taxes had been paid or the amount.

Mr. Wirick testified that after he delivered the deed, he discovered that he had failed to include the general property taxes that had been assessed against the property during the term of the contract and which had been paid by plaintiff. Defense counsel asserted an objection on the ground that this was not the best evidence. The court then queried as to whether there was any issue as to whether plaintiff had paid the taxes. Defense counsel replied that plaintiff had billed defendants and should therefore have a record and that this was the basis of his objection. The court responded that based on a review of the file there was no real issue of fact in regard to payment of the taxes. Defense counsel replied that defendants had not paid them. The court responded that that clears it up.

In paragraph 4 of its complaint, plaintiff alleged that defendants had paid the contract with the exception of paying the taxes, and that plaintiff had paid the taxes and that the following amounts were due; plaintiff then itemized by the year. Defendants in their answer did not respond to paragraph 4.

Rule 8(d), U.R.C.P., provides:

Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. * * *

Under Rule 8(d), U.R.C.P., defendants admitted paragraph 4 of the complaint. In addition, the correspondence between the parties was admitted in evidence; included therein was defendants' admission against interest that they did not disagree with plaintiff's figures. Based on the foregoing, there was competent evidence in the record to sustain the finding that plaintiff had paid the taxes and the amounts thereof.

Defendants further contend that there was an accord and satisfaction, which discharged defendants' obligation under the contract. They cite the principle that when a debt is paid before maturity and for an amount less than specified by the contract on the due date, and the creditor accepts payment in full satisfaction of the entire claim, such payment affords a suffi-

cient consideration to support the creditor's agreement to accept it in discharge of that claim.[1]

Defendants' argument stresses only one of the elements of an accord and satisfaction, namely, consideration.

* * * An accord is a contract (not merely a revocable offer nor a bargain invalid for lack of sufficient consideration or any other reason) between creditor and debtor for the settlement of the claim by some performance other than that which is due. Almost always the contract is bilateral, the debtor promises to render performance, as well as the creditor promising to receive it, * * *.[2]

* * * there can be no accord and satisfaction without the making of a new contract, one independent of and additional to the source, contractual or otherwise, of the disputed claim or claims. The essentials to a valid contract generally must be present. It must appear that there is a proper subject matter, that the parties thereto were competent to contract with each other, that there was consent or a meeting of the minds of the parties, and that the agreement was supported by a sufficient consideration. * * *[3]

There is no accord, either executory or executed, unless there is an offer either by the debtor to give or by the creditor to receive a substituted performance in full settlement, and an acceptance by the other party of the offer so made. * * *[4]

■ The concept of accord and satisfaction is not applicable in the instant case; the debtor and creditor were both performing under the express terms of the contract. The debtor had a right thereunder to pay the entire balance of the purchase price at any time without penalty. The debtor inquired of the creditor as to the unpaid balance; the creditor checked the amortization table and responded. The debtor did not dispute the amount and remitted his payment accordingly. There is not a scintilla of evidence to indicate that either party offered and the other accepted a substitute performance to settle the claim under the contract. On the contrary, both parties were rendering performance strictly in accordance with the terms of the contract. Furthermore, the debtor's alleged basis of consideration, the acceleration in the time of maturity of the debt, was not bargained for by the creditor but was for

1. See 1 Am.Jur.2d, Accord and Satisfaction, Sec. 42, p. 340; 24 A.L.R. 1475, Anno: Payment of Part in Discharge of Whole Debt.

2. Restatement of Contracts, Sec. 417, Comment a.

3. 1 Am.Jur.2d, Accord and Satisfaction, Sec. 4, p. 304; also see Ralph A. Badger & Co. v. Fidelity Bldg. & Loan Ass'n, 94 Utah 97, 112, 75 P.2d 669 (1938).

4. 6 Corbin on Contracts, Sec. 1279, p. 126.

the debtor's convenience, as well as an express right conferred by the contract.[5]

The controlling legal principle in the instant case is stated as follows in 6 Corbin on Contracts, Sec. 1292, pp. 177–178:

> There is no doubt that if no part of the claim is in dispute and the creditor sends by mistake a bill showing less than the amount actually due, the payment of that amount does not operate as a full satisfaction even though the debtor sends his check indorsed "to balance account to date." Under such circumstances, a promise by the creditor to accept the check as full satisfaction would be without any sufficient consideration.

The judgment of the trial court must be affirmed on the grounds stated by this court in Browning v. Equitable Life Assur. Soc.: [6]

> * * * In this case we do not see the elements of an accord and satisfaction. True, there was a claim. It was filed and paid in accordance with demand with no dispute. If a doctor sends me a bill for $20 when it should have been $30 and I pay it, it is not an accord and sat-

isfaction. It is merely payment of less than I owe. * * *

Judgment is affirmed; costs are awarded to plaintiff.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

5. "Payment, in advance of maturity, of part of a liquidated debt, is not operative as satisfaction in full unless the acceleration was bargained for by the creditor. Otherwise, the payment is for the debtor's own convenience." 6 Corbin on Con-

tracts, Sec. 1282, n. 38; also see Casa Marina Hotel Co. v. Barnes, Fla.App., 105 So.2d 204, 206 (1958).

6. 94 Utah 532, 549, 72 P.2d 1060, 1068 (1937).