354 So.2d 109 (1978)
James M. KAUFMAN, Appellant,
v.
Louis F. HARDER, Realtor, Appellee.
No. 76-1136.
District Court of Appeal of Florida, Third District.
January 17, 1978.
Rehearing Denied February 10, 1978.
Aronovitz & Weksler, Miami, for appellant.
Herskowitz & Grossman, Miami, for appellee.
Before PEARSON, HENDRY and HUBBART, JJ.
PER CURIAM.
This is a suit for the recovery of a real estate broker's commission in which judgment was entered for the broker after a non-jury trial. We reverse.
The facts are rather complex but it is clear from the record that the broker Louis F. Harder through his employee Harry Goldsmith performed no services for the defendant James M. Kaufman to which Harder was entitled to a commission for the sale of the Boskind parcel in Brevard County, Florida, as claimed in the complaint. James M. Kaufman bought the property as a partner with another real estate broker Mitchell Mark without any assistance from Harder or Goldsmith. Although Kaufman gratuitously agreed to pay Harder $25,000 on this transaction and did in fact pay Harder $12,500 pursuant thereto, it is clear that such promise was not based upon any consideration and was entirely unenforceable. The law is clear that there can be no indebtedness without legal consideration; and that a mere gratuitous promise of a future gift, lacking consideration, is unenforceable as a nudum pactum. Mt. Sinai Hospital of Greater Miami, Inc. v. Jordan, 290 So.2d 484, 486 (Fla. 1974); Casa Marina Hotel Co. v. Barnes, 105 So.2d 204, 206 (Fla. 3d DCA 1958). Accordingly, there can be no recovery by Harder based upon Kaufman's failure to completely honor his promise to pay.
The judgment appealed from is reversed and the cause remanded to the trial court for directions to enter a judgment for the defendant James M. Kaufman.
PEARSON, J., dissents.